# PHILLIPS, GOLDMAN, McLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN•+†••
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON•••
MEGAN C. HANEY

ALSO MEMBER OF
•PENNSYLVANIA BAR
••NEW JERSEY BAR
+MARYLAND BAR
†FLORIDA BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

August 24, 2016

**VIA CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, DE 19801

*REDACTED - PUBLIC VERSION*

Re: **Cosmo Technologies Limited, et al. v. Actavis Laboratories FL, Inc.
C.A. No. 15-164 (LPS)**

Dear Chief Judge Stark:

Pursuant to the Court's August 4, 2016 Order (D.I. 170), defendant Actavis Laboratories FL, Inc. ("Actavis") writes regarding the discovery teleconference scheduled for September 2, 2016 at 11:45 a.m., to outline the issues in dispute and its position on those issues. This letter is limited to the issues raised by Actavis in the July 5, 2016 letter to the Court (D.I. 153) requesting this discovery conference. Actavis also notes that its Motion for the Issuance of a Letter of Request for International Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad (D.I. 115) is fully briefed and ready for adjudication. Actavis respectfully requests to be heard on that issue if the Court believes that oral argument would aid in resolving that dispute.

Actavis requests relief for Plaintiffs' failure to search for and produce communications among Plaintiff entities prior to the establishment of a common interest. During discovery, Actavis requested communications among the Plaintiff entities, including: (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications among any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit (for Santarus) or the relevant acquisitions (for Salix and Valeant). Plaintiffs agreed to produce these documents (subject to objections) in their discovery responses and subsequent communication, but refused to respond to Actavis's queries regarding the adequacy of Plaintiffs' document collection or the basis for any withholding.[1]

---

[1] *See* Plaintiffs' Objections and Responses to Defendants' First Set of Joint Requests for Production of Documents and Things (Ex. 1) at 32-33 (Request No. 26 and Response), 33-34

Actavis asks the Court to require that Plaintiffs (1) perform a complete search for these documents and (2) provide a complete privilege log of any such documents withheld on the basis of privilege.

First, Plaintiffs' search for these inter-Plaintiff communications was inadequate due to Plaintiffs' failure to follow this Court's Default Standard for Discovery of Electronically Stored Information ("ESI"). When Actavis proposed to exchange search terms, Plaintiffs refused to provide information about their ESI search terms, leading Actavis to believe that Plaintiffs had employed alternate (non-search term) methods of collecting their information. *See, e.g.*, Email from N. Tymoczko, Nov. 23, 2015 (Ex. 2 at 15) ("[I]f Plaintiffs elect to use search terms to locate potentially responsive ESI, Plaintiffs will disclose those search terms to Defendants in due course"). After producing the bulk of their documents at the March 7, 2016 deadline, Plaintiffs continued to refuse to disclose any information about their search methodology despite Actavis's repeated requests for information about Plaintiffs' search for responsive inter-Plaintiff communications. *See, e.g.*, Email from S. Sherry, Apr. 22, 2016 (Ex. 3); Email from S. Sherry, May 7, 2016 (Ex. 4). It was not until July 5, months after document production was to be complete and only a few weeks before the close of fact discovery, that Plaintiffs finally disclosed that they had used search terms and which terms were used by Cosmo and Valeant during document collection. *See* Email from N. Tymoczko, June 15, 2016 (Ex. 5); Email from N. Tymoczko, July 5, 2016 (Ex. 6).

Plaintiffs' belatedly disclosed search terms demonstrate that they did not conduct an adequate search for documents responsive to Actavis's document requests. ▮▮▮▮▮▮▮▮▮▮

Second, Actavis requests a complete log setting out all inter-plaintiff communications withheld on the basis of privilege prior to the establishment of the relevant common interests. Plaintiffs' current privilege logs (produced after the joint letter requesting this conference) indicate that at least some documents appear to be improperly withheld.

---

(Request No. 27 and Response), 52-53 (Request No. 54 and Response); *see also* Email from S. Sherry, Apr. 22, 2016 (Ex. 3) (summarizing meet-and-confer regarding these requests).

- The parties were engaged in arms-length licensing and acquisition negotiations, which cannot support community-of-interest privilege. S*ee Xerox Corp. v. Google Inc.*, 801 F. Supp. 2d 293, 304 (D. Del. 2011) ("[T]he documents as to which privilege was being asserted were created at a time when the patentee and the potential investors were negotiating at arms-length; at that time, no common interest existed.")

- Because they were negotiating at arms' length, their legal interests would have been far from "substantially similar," so no form of common interest privilege would have applied. *See In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 365 (3d Cir. 2007), *as amended* (Oct. 12, 2007).

- The parties did not share "common legal interests against a common adversary," a requirement for the community-of-interest doctrine. *See In re Chevron Corp.*, 650 F.3d 276, 294 (3d Cir. 2011).

Because documents may have been improperly withheld, Defendant Actavis requests a complete privilege log, including any communications between Valeant and the other Plaintiff entities before the April 2015 acquisition of Salix. In the October 7, 2015 discovery conference, the Court recognized the possibility that Plaintiffs would assert "blanket privilege objection[s]" regarding pre-acquisition documents and invited Defendants to seek redress in that eventuality. *See* Transcript of Oct. 7, 2015 Discovery Conference, D.I. 47 at 22-23. This appears to be exactly what has happened, to the extent that Plaintiffs searched for responsive documents in the first place. The apparent overbreadth in Plaintiffs' current privilege designations suggests that the same inaccurate standards were likely applied to documents that Plaintiffs were not required to log.[2] Actavis therefore requests an opportunity to assess any privilege claims under which Plaintiffs are withholding inter-Plaintiff communications prior to the respective acquisitions or licensing agreements.

For at least the foregoing reasons, Actavis respectfully requests that the Court require Plaintiffs to search for and produce all inter-Plaintiff communications before the relevant dates and produce a log of all such documents withheld as privileged within one week of the discovery conference.

Respectfully,

/s/ *John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc: Plaintiffs' counsel (via e-mail)

---

[2] During the October 7, 2015 discovery conference, Plaintiffs persuaded the Court that they would not be required to log documents between July 22, 2014 and the April 2015 acquisition. *See* Transcript of Oct. 7, 2015 Discovery Conference, D.I. 47 at 7, 20-21.

3