# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-116 (LPS) |
| v. | ) ) | |
| PAR PHARMACEUTICAL, INC., | ) ) ) | |
| Defendant. | ) | |
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-164 (LPS) |
| v. | ) ) ) | |
| ACTAVIS LABORATORIES FL, INC., | ) ) | |
| Defendant. | ) | |
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 15-193 (LPS) |
| v. | ) ) ) | |
| ALVOGEN PINE BROOK, LLC, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF
JOINT REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-56)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Civil Rules for the District of Delaware ("Local Civil Rules"), as well as the applicable Case Scheduling Orders (1:15-cv-116 (D.I. 18); 1:15-cv-164 (D.I. 19); 1:15-cv-193 (D.I. 19)), Plaintiffs Cosmo Technologies Limited, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals Luxembourg S.à r.l. (collectively, "Plaintiffs") hereby make the following responses and objections to Defendants' Par Pharmaceuticals, Inc. ("Par"), Actavis Laboratories FL, Inc. ("Actavis"), and Alvogen Pine Brook, LLC ("Alvogen") (collectively, "Defendants") First Set of Joint Requests for Production of Documents and Things (Nos. 1-56) (hereafter, "Request" or "Requests").

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to supplement their responses to these Requests if they learn or become aware of additional responsive information and as these cases progress.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections to Defendants' Requests, which General Objections are incorporated by reference herein and made part of their response to each Request:

1.      Plaintiffs incorporate by reference the General Objections set forth in Plaintiffs' November 30, 2015 Objections and Responses to Defendants' First Set of Joint Interrogatories (Nos. 1-5) ("Interrogatories").

2.      Plaintiffs object to Defendants' Requests, including the "Definitions" and "Instructions," to the extent they seek to impose requirements or obligations on Plaintiffs in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and the Orders of this Court. Plaintiffs further object to these "Definitions" and "Instructions" to the extent that they purport to alter the plain meaning or scope of any of the

Requests on the ground that such alteration renders the Requests vague, ambiguous, overly broad, unduly burdensome, and uncertain. In responding to each Request, Plaintiffs will respond by providing information as may be required and proper under the Federal Rules of Civil Procedure, and/or the Local Civil Rules, in effect as of the date of these Responses, November 30, 2015.

3.     Plaintiffs object to Instruction No. 4 to the extent that it seeks to impose requirements or obligations on Plaintiffs in addition to or different from those imposed by the Federal Rules of Civil Procedure, including Rule 26(b)(5), and/or the Local Civil Rules. In responding to each Request, Plaintiffs respond by providing information as may be required and proper under the Federal Rules of Civil Procedure, and/or the Local Civil Rules.

4.     Plaintiffs object to each Request to the extent it seeks information, documents or things protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Nothing contained in Plaintiffs' responses is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege or immunity. In responding to each Request, Plaintiffs will not provide privileged or otherwise protected information. Any inadvertent production shall not be deemed a waiver of any privilege with respect to the information produced.

5.     Plaintiffs object to each Request to the extent it seeks information, documents or things that are not relevant to any claim or defense of any party to these actions and/or is not reasonably calculated to lead to the discovery of admissible evidence.

6.     Plaintiffs object to each Request to the extent it seeks information, documents or things relating to products offered for sale or sold outside of the United States, products not at issue in these lawsuits, or products that may be currently under development by Plaintiffs.

7.      Plaintiffs object to each Request to the extent it seeks information, documents or things that are not within the possession, custody, or control of Plaintiffs.

8.      Plaintiffs object to each Request to the extent it seeks information, documents or things that are publicly accessible, because it is equally convenient for Defendants to obtain such information, documents or things.  Plaintiffs will not conduct searches of publicly accessible databases, publicly available literature, or publicly accessible libraries, or collect or organize information, documents or things that are as accessible to Defendants as they are to Plaintiffs.

9.      Plaintiffs respond to each Request based on their present knowledge, information, and belief.  Plaintiffs object to each Request to the extent that a complete answer may be impractical or infeasible because these lawsuits are still in their preliminary stages.  Therefore, Plaintiffs reserve the right to supplement or amend their responses in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.

10.     These responses and the objections and limitations contained herein are subject to and without waiver of (a) the right to make additional or supplemental objections to these or other Requests, and (b) the right to revise, correct, amend, or modify these responses upon, among other things, the discovery of additional facts and materials, further investigation, and other developments in these proceedings.

11.     Any response herein provided by Plaintiffs shall in no way constitute or be construed as a waiver of any objection contained herein.  For any and all information provided in response to each Request, Plaintiffs reserve all objections or other questions regarding the authenticity, competency, relevance, materiality, privilege, or admissibility of such information as evidence in these lawsuits or any other proceeding, action, or trial.

12.     Plaintiffs object to each Request to the extent it calls for the disclosure of confidential and/or private information, documents or things of any third party or individual that are in the possession of Plaintiffs pursuant to confidentiality and non-disclosure restrictions imposed by contract or applicable law.

13.     Plaintiffs object to these Requests to the extent that they seek information protected by Italy's Data Protection Code and/or any applicable Swiss law.

14.     Plaintiffs object to these Requests to the extent that they seek to impose a requirement on Plaintiffs to log privileged documents created on or after July 22, 2014. (*See* 1:15-cv-116 (D.I. 39, ¶ 23); 1:15-cv-164 (D.I. 40, ¶ 23); 1:15-cv-193 (D.I. 39, ¶ 23).)

15.     Plaintiffs object to these Requests to the extent that they seek to impose a requirement on Plaintiffs to produce documents created before February 2, 2009, which is six years before the filing of the complaint against Defendant Par, unless otherwise required under Paragraph 4(e) of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

16.     Plaintiffs object to these Requests to the extent that they call for documents or things created on or after February 2, 2015, the date on which the first complaint in the above-captioned actions was filed.

17.     Plaintiffs further object to the extent these Requests purport to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.

18.     Plaintiffs object to Defendants' Definitions of the terms "you" and "yours" to the extent they seek information, documents or things that are not within the possession, custody, or control of Plaintiffs, and to the extent they purport to cover entities other than the Plaintiffs in the

above-captioned actions. In responding to these Requests, Plaintiffs use the terms "you" and "yours" to refer only to Cosmo Technologies Limited, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals Luxembourg S.à r.l.

19.     Plaintiffs object to Defendants' Definition of the term "Plaintiffs" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence and to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules. Plaintiffs further object to the extent it seeks information, documents or things that are not within the possession, custody, or control of Plaintiffs. In responding to these Requests, Plaintiffs use the term "Plaintiffs" to refer only to Cosmo Technologies Limited, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals Luxembourg S.à r.l.

20.     Plaintiffs object to Defendants' Definition of the term "Affiliate" to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.

21.     Plaintiffs object to Defendants' Definition of the phrase "budesonide extended release product(s)" as overly broad, unduly burdensome, and to the extent it purport to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules. Plaintiffs further object to the use of the phrases "any budesonide active pharmaceutical ingredient (API) product, composition, or formulation" and "MMX® Multi Matrix System technology" to the extent that they apply to subject matter beyond that claimed by the asserted claims of the patents-in-suit.

22.    Plaintiffs object to Defendants' Definition of the term "'651 patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.    In responding to these Requests, Plaintiffs use the term "'651 patent" to refer only to U.S. Patent No. 7,410,651.

23.    Plaintiffs object to Defendants' Definition of the term "'943 patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.    Plaintiffs further object to any Request directed at the '943 patent because the '943 patent is presently not asserted by Plaintiffs in these cases.

24.    Plaintiffs object to Defendants' Definition of the term "'273 patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.    In responding to these Requests, Plaintiffs use the term "'273 patent" to refer only to U.S. Patent No. 8,293,273.

25.    Plaintiffs object to Defendants' Definition of the term "'888 patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any

issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.   In responding to these Requests, Plaintiffs use the term "'888 patent" to refer only to U.S. Patent No. 8,784,888.

26.     Plaintiffs object to Defendants' Definition of the term "'064 patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules. Plaintiffs further object to any Request directed at the '064 patent because the '064 patent is presently not asserted by Plaintiffs in these cases.

27.     Plaintiffs object to Defendants' Definition of the term "'799 patent" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.   In responding to these Requests, Plaintiffs use the term "'799 patent" to refer only to U.S. Patent No. RE43,799.

28.     Plaintiffs object to Defendants' Definition of the term "patents in suit" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the extent it purports to impose obligations on Plaintiffs that exceed their

obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules. Plaintiffs further object to the extent it seeks information about patents not asserted against a particular Defendant. In responding to these Requests, Plaintiffs use the term "patents-in-suit" to refer to only those patents asserted against a specific Defendant as set forth in Plaintiffs' Initial Infringement Contentions, dated November 2, 2015. The '651 patent, '273 patent, '888 patent, and '799 patent have been asserted against Defendants Par and Actavis (1:15-cv-116; 1:15-cv-164). The '651 patent, '888 patent, and '799 patent have been asserted against Defendant Alvogen (1:15-cv-193).

29.     Plaintiffs object to Defendants' Definition of the term "Subject Matter" as overly broad, unduly burdensome, and to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules. Plaintiffs further object to the use of the phrase "budesonide extended release product(s)" and "MMX® Multi Matrix System technology" to the extent that they apply to subject matter beyond that claimed by the asserted claims of the patents-in-suit.

30.     Plaintiffs object to Defendants' Definition of the term "Related patent or patent application" as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence. Plaintiffs further object to the phrases "including applications for which no patents have issued" and "relates in any way to the patents in suit" as vague, ambiguous, and overly broad to the extent it applies to patents not asserted in these cases.

31.     Plaintiffs object to Defendants' Definition of the term "prior art" as vague, ambiguous, and overly broad to the extent it assumes the existence of any alleged prior art under

35 U.S.C. § 102 and/or § 103. Plaintiffs further object to Defendants' Definition of "prior art" to the extent it calls for a legal conclusion.

      32.    Plaintiffs object to Defendants' Definition of the term "concerning" as overly broad, unduly burdensome, and to the extent it purports to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules.

      33.    Plaintiffs object to Defendants' Definitions of the terms "document" and "documents" as overly broad, unduly burdensome, and to the extent they purport to impose obligations on Plaintiffs that exceed their obligations under the Federal Rules of Civil Procedure and/or the Local Civil Rules. Plaintiffs further object to the use of the phrase "shall be interpreted in their broadest sense possible" in these Requests as overly broad and unduly burdensome to the extent it seeks information that is neither relevant to any issue in these cases nor would reasonably lead to the discovery of admissible evidence.

### **RESPONSES AND SPECIFIC OBJECTIONS**

**Defendants' Joint Request No. 1**

A copy of NDA No. 203634, including all amendments, supplements, additions, annual reports thereto, and any communications between Plaintiffs and the FDA regarding NDA No. 203634.

**Plaintiffs' Response to Joint Request No. 1**

      Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 28 and 29.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, portions of New Drug Application ("NDA") No. 203634 concerning the formulation of Uceris®, and any related amendments, supplements, additions, or communications with the FDA

**Defendants' Joint Request No. 2**

All documents concerning any consideration by Plaintiffs regarding the decision to develop a budesonide extended release product, including but not limited to Uceris.

**Plaintiffs' Response to Joint Request No. 2**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "a budesonide extended release product." Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents pertaining to the research and development of the inventions claimed in the asserted claims of the patents-in-suit, and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.

**Defendants' Joint Request No. 3**

All documents concerning the research, development, and/or testing of budesonide extended release product(s), including but not limited to Uceris, or any other products concerning the MMX® Multi Matrix system technology, including but not limited to any laboratory notebooks, pharmacokinetic or other data, memoranda, reports, meeting minutes, data, communications, declarations, and/or any documents relating to the preparation or filing of NDA No. 203634.

**Plaintiffs' Response to Joint Request No. 3**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 15, 17, and 23.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents pertaining to the research and development of the inventions claimed in the asserted claims of the patents-in-suit and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.

**Defendants' Joint Request No. 4**

All documents and things concerning the patents in suit and/or any of their related patent or patent application, and the preparation, filing, and prosecution of the applications that matured into the patents in suit, and/or any of their related patent or patent application, including without limitation, (a) the prosecution histories of the patents in suit, and/or any of their foreign counterparts, and the continuations, continuations-in-part, divisions, reexaminations, and reissues thereof, including the prosecution histories as maintained by the patent attorneys and in-house counsel who were substantively involved in the prosecution, (b) any document referenced in an information disclosure statement ("IDS"), and/or the foreign equivalents thereof, filed in connection with the prosecution of the patents in suit, and/or any of its foreign counterparts, and the decisions as to which documents to disclose in the IDSs and/or foreign equivalents thereof, (c) any assessment of the patentability or priority date of what is claimed or disclosed in the patents in suit, and/or any of its foreign counterparts, or the validity and/or enforceability of the claims, (d) drafts of the applications and any other document filed with the USPTO and/or any

foreign patent office, (e) documents reflecting disclosures to or communications with any patent attorney, agent or liaison, and (f) documents prepared by or reflecting communications with every other person who was substantively involved in the preparation or prosecution of the applications.

## Plaintiffs' Response to Joint Request No. 4

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any of their related patent [sic] or patent application," "foreign counterparts, and the continuations, continuations-in-part, divisions, reexaminations, and reissues thereof," and/or "foreign equivalents." Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 5-6, 8-11, 13, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, the patents-in-suit, copies of the respective prosecution histories as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit.

## Defendants' Joint Request No. 5

All pending, abandoned, or issued United States and foreign patent applications or patents, disclosing or claiming any budesonide extended release product(s), including but not limited to Uceris, or any products concerning the MMX® Multi Matrix system technology which are or were owned by (i) Plaintiffs, (ii) any named inventor of the patents in suit and/or; (iii) any past or present owner, assignee or licensee of the patents in suit or any of their foreign counterparts, including all documents and things concerning the preparation, filing and prosecution of any such U.S. or foreign patent applications or issued patents.

**Plaintiffs' Response to Joint Request No. 5**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4, 6, 9-11, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, the patents-in-suit, copies of the respective prosecution histories as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit.

**Defendants' Joint Request No. 6**

All documents and things concerning any test or experimental data which supports, contradicts, or is inconsistent with the teachings, representations, and/or data contained in the patents in suit and/or any argument, data, or information contained in a U.S. patent application(s) that matured into either the patents in suit, including, but not limited to, documents and things associated with the preparation, filing, and prosecution of the applications leading to the patents in suit, and their foreign counterparts.

**Plaintiffs' Response to Joint Request No. 6**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "foreign counterparts." Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4-5, 15, 17, and 23-24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, copies of the prosecution histories of the patents-in-suit as they are maintained in the U.S. Patent and Trademark Office, non-privileged documents pertaining to the research and development of the inventions claimed in the asserted claims of the patents-in-suit, and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.

**Defendants' Joint Request No. 7**

All documents and things concerning any search, investigation, report, test, review, opinion, study, search for information, communication, event, or reference relating to the patentability, priority date, scope, validity, infringement, or enforceability of any claim of the patents in suit and/or any related U.S. patent application or any foreign counterpart.

**Plaintiffs' Response to Joint Request No. 7**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any related U.S. patent application or any foreign counterpart." Plaintiffs further

object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent it calls for legal conclusions or expert opinion. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request No. 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents pertaining to the patents-in-suit that are responsive to this Request.

### Defendants' Joint Request No. 8

All documents and things concerning any communication by Plaintiffs, or any agent of Plaintiffs, with patent agents or patent attorneys worldwide concerning the patents in suit and/or any related U.S. patent application or any foreign counterparts.

### Plaintiffs' Response to Joint Request No. 8

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any related U.S. patent application or any foreign counterpart." Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4, 9-11, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, the patents-in-suit, copies of the respective prosecution histories as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications

16

for the patents-in-suit.  Plaintiffs will also produce, to the extent they exist and can be located

after a reasonable search, non-privileged communications pertaining to the U.S. prosecution of

the patents-in-suit.

**Defendants' Joint Request No. 9**

All documents and things concerning any pending and/or abandoned United States or foreign patent application concerning any budesonide extended release product(s), including but not limited to Uceris, or any other products concerning the MMX® Multi Matrix system technology assigned to, owned by, or controlled by Plaintiffs or that lists the Named Inventors as an inventor.

**Plaintiffs' Response to Joint Request No. 9**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome

and seeking documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, including to the extent it seeks documents and things

concerning "any budesonide extended release product(s)," "any other products concerning the

MMX® Multi Matrix system technology," "any pending and/or abandoned United States or

foreign patent application," and patents and patent applications other than the patents-in-suit and

patent applications for the patents-in suit.  Plaintiffs further object to this Request to the extent it

seeks documents and things protected by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege or immunity.  Plaintiffs further object to this Request to the

extent that it is duplicative of Defendants' other Requests, including but not limited to Request

Nos. 4-5, 8, 10 and 11.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have

produced or will produce, to the extent they exist and can be located after a reasonable search,

copies of the respective prosecution histories of the patents-in-suit as they are maintained in the

U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications

for the patents-in-suit.

**Defendants' Joint Request No. 10**

All drafts of the documents that were submitted to the USPTO in connection with the prosecution of the application from which the patents in suit issued, including any internal correspondence or memoranda.

**Plaintiffs' Response to Joint Request No. 10**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4-5, 8-9, 11, 13, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, copies of the respective prosecution histories of the patents-in-suit as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit.

**Defendants' Joint Request No. 11**

Any and all documents and things concerning the substance of any examiner interviews conducted during the prosecution of the patents in suit.

**Plaintiffs' Response to Joint Request No. 11**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4-5, 8-9, 10, 13, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, copies of the respective prosecution histories of the patents-in-suit as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit.

**Defendants' Joint Request No. 12**

All documents relating to the decision to file and prosecute the patents in suit, including but not limited to any internal research reports generated in whole or in part by the Named Inventors of the patents in suit, including their representatives, for purposes of preparing or prosecuting the application from which the patents in suit issued.

**Plaintiffs' Response to Joint Request No. 12**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 21 and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged

documents pertaining to the research and development of the inventions claimed in the asserted claims of the patents-in-suit and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.  Plaintiffs will further produce, to the extent they exist and can be located after a reasonable search, copies of the respective prosecution histories of the patents-in-suit as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit.

**Defendants' Joint Request No. 13**

Any and all documents and things that Plaintiffs assert constitutes a complete copy of the USPTO file history for each of the patents in suit.

**Plaintiffs' Response to Joint Request No 13**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce.  Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4, 10, and 11.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, copies of the respective prosecution histories of the patents-in-suit as they are maintained in the U.S. Patent and Trademark Office.

**Defendants' Joint Request No. 14**

All documents and things concerning patent strategy, patent life cycle management or patent life cycle planning with respect to U.S. patent coverage for any budesonide extended release product(s), including but not limited to Uceris, or any other product concerning the MMX® Multi Matrix system technology.

**Plaintiffs' Response to Joint Request No. 14**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

**Defendants' Joint Request No. 15**

All documents and things concerning research, development, testing, investigations, analyses, experiments, and/or studies that relate to any compound, composition, formulation, method, example, and/or step described in any claim of the patents in suit and their specifications, including but not limited to all laboratory and research notebooks, correspondence, methods, protocols, records, notes, reports and data, regardless of whether used to support any of the examples in any of the patents in suit.

**Plaintiffs' Response to Joint Request No. 15**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the

extent that it is duplicative of Defendants' other Requests, including but not limited to Request

Nos. 3, 6, 17, 23, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will

produce, to the extent they exist and can be located after a reasonable search, non-privileged

documents pertaining to the research and development of the inventions claimed in the asserted

claims of the patents-in-suit, and sections of NDA No. 203634 concerning the research and

development of the formulation of Uceris®.

**Defendants' Joint Request No. 16**

All communications between any named inventors of the patents in suit and Plaintiffs concerning
the subject matter disclosed or claimed in the aforesaid patents, including, but not limited to any
communications relating or referring to any budesonide extended release product(s), including
but not limited to Uceris, or any other product concerning the MMX® Multi Matrix system
technology, including but not limited to any inventor's disclosure statement and/or documents
evidencing receipt of such invention disclosure documents.

**Plaintiffs' Response to Joint Request No. 16**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome

and seeking documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, including to the extent it seeks documents and things

concerning "any budesonide extended release product(s)," "any other product concerning the

MMX® Multi Matrix system technology," and patents and patent applications other than the

patents-in-suit and patent applications for the patents-in suit.  Plaintiffs further object to the use

of the term "subject matter" in this Request as overly broad and unduly burdensome to the extent

it applies to subject matter beyond that claimed by the asserted claims of the patents-in-suit.

Plaintiffs further object to this Request to the extent it seeks documents and things protected by

the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or

immunity.   Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 24 and 27.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents pertaining to the research and development of the inventions claimed in the asserted claims of the patents-in-suit, and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.

**Defendants' Joint Request No. 17**

All documents and things concerning the conception, reduction to practice, design, and research and development of each of the alleged invention(s) claimed in the patents in suit on a claim-by-claim basis, including but not limited to:

a) the conception of the alleged invention(s) claimed and each of the acts which were involved in the claimed conception;

b) all documents relating to the identity of the individuals who allegedly conceived of, and/or reduced to practice or assisted in the reduction to practice of, the invention claimed;

c) all documents relating to the date(s) on which such alleged conception and/or reduction to practice occurred;

d) the first reduction to practice of the alleged invention(s), including, without limitation, any acts or activities involved in or leading to reduction to practice;

e) the first written description of the alleged invention(s);

f) the first disclosure to another of the alleged invention(s);

g) the first public disclosure to another of the alleged invention(s);

h) the first public use of the alleged invention(s);

i) the research, development, synthesis, testing, evaluation, analysis or use of the alleged invention(s);

j) the first advertisement or promotion of the alleged invention(s);

k) the first sale or offer for sale of the alleged invention(s) or any embodiment thereof;

l) the first communication, disclosure, showing, sampling, display or demonstration of the alleged invention(s) or any embodiment thereof;

m) the best mode for practicing the alleged invention(s) known to the named inventor(s) of the patents in suit at any time prior to issuance of each;

n) the manner and process of making and using the full scope of the alleged invention(s);

o) the construction, interpretation, or meaning of each of the claim terms;

p) all data set forth in the specification of the patents in suit and test results reflecting such data; and

q) all publications, research memoranda, studies, reports, testing, technical disclosures, written commentary, notes, laboratory notebooks or communications regarding the subject matter of the patents in suit.

**Plaintiffs' Response to Joint Request No. 17**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the use of the term "subject matter" in this Request as overly broad and unduly burdensome to the extent it applies to subject matter beyond that claimed by the asserted claims of the patents-in-suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent it calls for a legal conclusion. Plaintiffs further object to this Request as premature to the extent that it seeks expert discovery prior to the time set for expert discovery by the Court. Plaintiffs further object to this Request as premature to the extent that it calls for construction of claim terms prior to the time set for claim construction by the Court. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 3, 6, 15, 2324, 30-31, 33, and 39. Plaintiffs

further note that Defendants have not yet made the dates of conception and reduction to practice of the asserted claims of the patents-in-suit a relevant issue in these actions.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents pertaining to the research and development of the inventions claimed in the asserted claims of the patents-in-suit, and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.

**Defendants' Joint Request No. 18**

All documents and things concerning seminars, speeches, presentations, posters, lectures, laboratory meetings, research and development meetings, talks or publications made or attended by any employee of Plaintiffs or any named inventor of the patents in suit, that relate to any budesonide extended release product(s), including but not limited to Uceris, or any other product concerning the MMX® Multi Matrix system technology.

**Plaintiffs' Response to Joint Request No. 18**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other product concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to the use of the phrase "any employee of Plaintiffs" in this Request as overly broad and unduly burdensome. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 19, 24, and 25.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged responsive documents made by the named inventors of the patents-in-suit pertaining to the patents-in-suit or Uceris®.

**Defendants' Joint Request No. 19**

All documents and things concerning any prior art to the patents in suit, including but not limited to patents, publications, internal documents, sales, offers for sale, or uses related to the subject matter of the patents in suit.

**Plaintiffs' Response to Joint Request No. 19**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the use of the term "prior art" in this Request to the extent it assumes the existence of any alleged prior art under 35 U.S.C. § 102 and/or § 103 and calls for a legal conclusion. Plaintiffs further object to the use of the term "subject matter" in this Request as overly broad and unduly burdensome to the extent it applies to subject matter beyond that claimed by the asserted claims of the patents-in-suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as premature to the extent that it seeks expert discovery prior to the time set for expert discovery by the Court. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 20 and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, the patents-in-suit, copies of the respective prosecution histories as they are maintained in the

U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications

for the patents-in-suit.

**Defendants' Joint Request No. 20**

Any and all documents and things concerning the state of the prior art relevant to the patents in suit or any foreign counterpart, including but not limited to contentions, analyses, advice, opinions, and prior art searches.

**Plaintiffs' Response to Joint Request No. 20**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any foreign counterpart." Plaintiffs further object to the use of the term "Prior Art" in this Request to the extent it assumes the existence of any alleged prior art under 35 U.S.C. § 102 and/or § 103 and calls for legal conclusion. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent it calls for a legal conclusion. Plaintiffs further object to this Request as premature to the extent that it seeks expert discovery prior to the time set for expert discovery by the Court. Plaintiffs further object to this Request as premature to the extent that it calls for information in response to Defendants' invalidity contentions, which Plaintiffs have not yet received. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 19 and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, the patents-in-suit, copies of the respective prosecution histories as they are maintained in the

U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications

for the patents-in-suit.

**Defendants' Joint Request No. 21**

All documents and things prepared, considered, reviewed or evaluated for submission or possible submission to the USPTO or any non-U.S. patent office relating to the subject matter of the patents in suit and/or any patent, application, abandoned patent application, or draft patent application related thereto, including, without limitation, any continuation, continuation-in-part, divisional, Patent Cooperation Treaty (PCT), or other patent application related to the patents in suit, any patent application on which the foregoing relies for priority, any patent or patent application claiming priority from the foregoing, and any foreign counterpart of the patents in suit.

**Plaintiffs' Response to Joint Request No. 21**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "submission or possible submission to . . . any non-U.S. patent office" and "any foreign counterpart." Plaintiffs further object to the use of the term "Subject Matter," in this Request as overly broad and unduly burdensome to the extent it applies to subject matter beyond that claimed by the asserted claims of the patents-in-suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 12 and 20.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, copies of the respective prosecution histories of the patents-in-suit as they are maintained in the

U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit.

**Defendants' Joint Request No. 22**

All documents and things relating to, concerning, supporting or contradicting any secondary considerations or objective indicia of non-obviousness (as these terms are used in Graham v. John Deere Co., 383 U.S. 1, 19 (1966)) that Plaintiffs believe are relevant to the issue of the obviousness of any alleged invention claimed in the patents in suit, including the level of ordinary skill in the art, any alleged unexpected results, skepticism or doubt in the field, long felt need met by any alleged invention claimed in the patents in suit, commercial success, failure of others, industry praise, teaching away, and all documents and things Plaintiffs contend evidence a nexus between any alleged secondary consideration of nonobviousness of the alleged invention of the patents in suit and each of the asserted claims of the patents in suit.

**Plaintiffs' Response to Joint Request No. 22**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent it calls for a legal conclusion. Plaintiffs further object to this Request as premature to the extent that it seeks expert discovery prior to the time set for expert discovery by the Court. Plaintiffs further object to this Request as premature to the extent that it calls for response to Defendants' invalidity contentions, which Plaintiffs have not yet received.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents responsive to this Request pertaining to the patents-in-suit.

**Defendants' Joint Request No. 23**

All documents and things concerning or discussing what methods or products are disclosed or claimed in the patents in suit.

**Plaintiffs' Response to Joint Request No. 23**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 3, 6, 15, 17, and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs have produced or will produce, to the extent they exist and can be located after a reasonable search, the patents-in-suit, copies of the respective prosecution histories as they are maintained in the U.S. Patent and Trademark Office, and non-privileged U.S. prosecution files of the applications for the patents-in-suit. Plaintiffs will also produce, to the extent they exist and can be located after a reasonable search, relevant, non-privileged documents responsive to this Request pertaining to the patents-in-suit.

**Defendants' Joint Request No. 24**

All documents and things of the Named Inventors concerning the patents in suit, any budesonide extended release product(s), including but not limited to Uceris or any other products concerning the MMX® Multi Matrix system technology, including any methods for using same.

**Plaintiffs' Response to Joint Request No. 24**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 4-8, 10-12, 15-21, 23, and 27.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged relevant documents responsive to this Request pertaining to the patents-in-suit and sections of NDA No. 203634 concerning the research and development of the formulation of Uceris®.

**Defendants' Joint Request No. 25**

The curriculum vitae (CV) and employment history records and any list of publications or presentations authored or made by the Named Inventors and any declarant concerning the prosecution of the patents in suit, any budesonide extended release product(s), including but not limited to Uceris, or any other products concerning the MMX® Multi Matrix system technology, including any methods for using same.

**Plaintiffs' Response to Joint Request No. 25**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this

31

Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents consisting of the *curricula vitae* and list of publications, to the extent they exist, of the inventors of the patents-in-suit to the extent such information is within Plaintiffs' possession, custody, or control and is not protected or precluded from production by Italy's Data Protection Code and/or any applicable Swiss law.

### Defendants' Joint Request No. 26

All documents and things concerning any communications or contacts between Plaintiffs and any third party, including but not limited to communications or contacts between Cosmo, Salix, or Santarus and Valeant prior to Valeant's acquisition of Salix, relating to the patents in suit, any subject matter described or claimed in those patents, and/or any patent protection in any country for any budesonide extended release product(s), including but not limited to Uceris, or any other products concerning Plaintiffs' MMX® Multi Matrix system technology.

### Plaintiffs' Response to Joint Request No. 26

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," "any patent protection in any country," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to the use of the term "subject matter" in this Request as overly broad and unduly burdensome to the extent it applies to subject matter beyond that claimed by the asserted claims of the patents-in-suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege or immunity.  Plaintiffs further object to this Request to the

extent that it is duplicative of Defendants' other Requests, including but not limited to Request

No. 48.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will

produce, to the extent they exist and can be located after a reasonable search, non-privileged

relevant documents responsive to this Request pertaining to the asserted claims of the patents-in-

suit.

**Defendants' Joint Request No. 27**

All documents and things concerning any communications or contacts between or among (i)
Plaintiffs, (ii) any named inventors of the patents in suit and/or, (iii) any past or present owner,
assignee or licensee of the patents in suit or any of their foreign counterparts, or the subject
matter claimed therein.

**Plaintiffs' Response to Joint Request No. 27**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome

and seeking documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, including to the extent it seeks documents and things

concerning "foreign counterparts."  Plaintiffs further object to the use of the term "subject

matter" in this Request as overly broad and unduly burdensome to the extent it applies to subject

matter beyond that claimed by the asserted claims of the patents-in-suit.  Plaintiffs further object

to this Request to the extent it seeks documents and things protected by the attorney-client

privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other

Requests, including but not limited to Request Nos. 16 and 24.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will

produce, to the extent they exist and can be located after a reasonable search, non-privileged

relevant documents responsive to this Request pertaining to the asserted claims of the patents-in-suit.

**Defendants' Joint Request No. 28**

Any and all documents and things concerning the listing, or decision to list or not to list, any patent in the Orange Book, with respect to NDA No. 203634, including but not limited to any communications with FDA.

**Plaintiffs' Response to Joint Request No. 28**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

**Defendants' Joint Request No. 29**

All documents and things regarding the New Dosage Form Exclusivity provided by the FDA under 21 U.S.C. § 355(j)(F)(iii) for NDA No. 203634.

**Plaintiffs' Response to Joint Request No. 29**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

**Defendants' Joint Request No. 30**

Representative copies of all advertisements, brochures, product monographs, clinical reprints, white papers, file cards, leave behinds, brand reminders, and sales tools for any budesonide extended release product(s), including but not limited to Uceris, or any other product concerning the MMX® Multi Matrix system technology, including drafts of such advertisements, brochures, product monographs, clinical reprints, white papers, file cards, leave behinds, brand reminders, and sales tools.

**Plaintiffs' Response to Joint Request No. 30**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit.  Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce.  Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.  Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 17 and 30.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, representative U.S. advertising and marketing pieces used for Uceris®.

**Defendants' Joint Request No. 31**

All documents and things concerning any characterization, correction, criticism, comment and/or change to any advertisement for any budesonide extended release product(s), including but not limited to Uceris, or any other product concerning the MMX® Multi Matrix system technology.

**Plaintiffs' Response to Joint Request No. 31**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other product concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 17 and 30.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, representative U.S. advertising and marketing documents pieces for Uceris®.

**Defendants' Joint Request No. 32**

All documents and things concerning projected sales (in units and dollars), budgets, actual sales, sales volume, costs, pricing, profits or margin, sales reports, prescription trends and volume, marketing, market share, market trends, market analysis, market projections or analysis, marketing plans, consumer profiles, reports, summaries, geographic sales territories, price studies, business plans, strategic plans, competitor products and/or economic studies, including

without limitation summaries, analyses, projections, histories, graphs, tables, that concern and/or relate to any budesonide extended release product(s), including but not limited to Uceris, or any other product concerning the MMX® Multi Matrix system technology

**Plaintiffs' Response to Joint Request No. 32**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other product concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit.  Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.  Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request No. 33.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged and representative documents concerning the U.S. sales figures for Uceris®.

**Defendants' Joint Request No. 33**

Any and all documents and things concerning or referring to products that compete with Uceris (either in Plaintiffs' estimation, or that of third parties such as IMS and/or Wolters Kluwer).

**Plaintiffs' Response to Joint Request No. 33**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege or immunity.  Plaintiffs further object to this Request as

calling for the production of documents that are publicly available or already in Defendants'

custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to

obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of

Defendants' other Requests, including but not limited to Request Nos. 17, 32, and 34.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will

produce, to the extent they exist and can be located after a reasonable search, non-privileged and

representative documents regarding Uceris® that are responsive to this Request.

**Defendants' Joint Request No. 34**

Any and all documents and things concerning, referring to or relating to data and/or other
information showing the uses for which Uceris is prescribed, used, and/or taken, including, but
not limited to National Drug and Therapeutic Index data.

**Plaintiffs' Response to Joint Request No. 34**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome

and seeking documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiffs further object to this Request to the extent it seeks

documents and things protected by the attorney-client privilege, the work product doctrine,

and/or any other applicable privilege or immunity.  Plaintiffs further object to this Request as

calling for the production of documents that are publicly available or already in Defendants'

custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to

obtain and produce.  Plaintiffs further object to this Request to the extent that it is duplicative of

Defendants' other Requests, including but not limited to Request No. 33.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will

produce, to the extent they exist and can be located after a reasonable search, non-privileged and

representative documents pertaining prescription data of Uceris® that are responsive to this Request.

**Defendants' Joint Request No. 35**

All studies, analyses, compilations, or reports of physicians' impressions concerning Uceris.

**Plaintiffs' Response to Joint Request No. 35**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs object to this Request to the extent it calls for the disclosure of confidential and/or private information, documents or things of any third party or individual that are in the possession of Plaintiffs pursuant to confidentiality and non-disclosure restrictions imposed by contract or applicable law.

**Defendants' Joint Request No. 36**

All corporate resolutions, minutes, public disclosures, press releases, or other documents concerning any budesonide extended release product(s), including but not limited to Uceris, or any products concerning the MMX® Multi Matrix system technology including any methods of using same, the patents in suit, this litigation, and/or any other litigation concerning a budesonide extended release product, including but not limited to Uceris or any other products concerning the MMX® Multi Matrix system technology.

**Plaintiffs' Response to Joint Request No. 36**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the

39

discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," "any other litigations concerning budesonide extended release product . . . or any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged relevant corporate resolutions, minutes, public disclosures, and press releases pertaining to the asserted claims of the patents-in-suit or Uceris® created after February 2, 2009.

**Defendants' Joint Request No. 37**

All documents and things concerning the ownership, assignment, or encumbrance of the patents in suit, including but not limited to assignment records of the patents in suit.

**Plaintiffs' Response to Joint Request No. 37**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as

calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request No. 38.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged assignments and licenses pertaining to the patents-in-suit.

**Defendants' Joint Request No. 38**

Any and all documents and things concerning any agreement, assignment, lien or transfer of ownership, license, offer to license, request to license, license negotiation, sale, and/or offer to sale (including agreements and negotiations concerning the rights to market and/or sell any budesonide extended release product(s), including but not limited to Uceris, and/or any other product concerning the MMX® Multi Matrix system technology in the United States), regarding the patents in suit or their foreign counterparts, or the alleged inventions claimed therein, or settlement of any actual or potential litigation regarding said patent and/or its foreign counterparts.

**Plaintiffs' Response to Joint Request No. 38**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other product concerning the MMX® Multi Matrix system technology," "settlement of any actual or potential litigation," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks third party confidential information, documents or things. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this

Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 17, 37, and 48.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged assignments and licenses pertaining to the patents-in-suit.

**Defendants' Joint Request No. 39**


**Plaintiffs' Response to Joint Request No. 39**

Plaintiffs note that Defendants did not include Request No. 39 in their First Set of Joint Requests for Production of Documents and Things.

**Defendants' Joint Request No. 40**

All documents relating to any litigation, oppositions, or other proceedings, whether in the United States or outside the United States, relating to the patents in suit, or any of their foreign counterparts or related applications and patents, including but not limited to all pleadings, court filings, expert opinions and testimony (written and oral), correspondence, responses to written discovery by any parties, documents produced by any party, deposition and/or hearing transcripts, exhibits to any deposition and/or hearing transcripts, and any court orders.

**Plaintiffs' Response to Joint Request No. 40**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the use of the phrase "any litigation, oppositions, or other proceedings" in this Request to the extent that it seeks third party confidential information and/or applies to litigations involving any other product than Uceris®

(9 mg budesonide) tablet or any patents not at issue in these actions and/or applies to litigations outside the U.S. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request No. 18.

**Defendants' Joint Request No. 41**

All documents and things concerning any United States or foreign litigation, interference, reexamination, reissue, cancellation proceeding, nullity proceeding, opposition proceeding or other ex parte or inter partes proceeding involving any product, process and/or method that is the subject of Plaintiffs' NDA No. 203634.

**Plaintiffs' Response to Joint Request No. 41**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent that it applies to litigations (U.S. or foreign), interference, reexamination, reissue, cancellation proceeding, nullity proceeding, opposition proceeding or other ex parte or inter partes proceeding involving any other product other than Uceris® (9 mg budesonide) tablets or to litigations involving patents not at issue in these actions. Plaintiffs object to this Request to the extent it calls for the disclosure of confidential and/or private information, documents or things of any third party or individual that are in the possession of Plaintiffs pursuant to confidentiality and non-disclosure restrictions imposed by contract or applicable law. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the

work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce.

**Defendants' Joint Request No. 42**

All documents and things Plaintiffs reviewed, considered, or relied upon in preparing their responses to the interrogatories of any Defendant.

**Plaintiffs' Response to Joint Request No. 42**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 44.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents referenced in Plaintiffs' Objections and Responses to Defendants' Interrogatories.

**Defendants' Joint Request No. 43**

All documents and things referring or relating to Plaintiffs' decision to sue Defendants for infringement of the patents in suit, including without limitation all documents and things concerning any analyses by or on behalf of Plaintiffs concerning any allegedly infringing – either directly, under the doctrine of equivalents, or indirectly by inducement and/or contributorily – products, methods and/or activities.

**Plaintiffs' Response to Joint Request No. 43**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs served on Defendants Plaintiffs' Initial Infringement Contentions Against Defendants on November 2, 2015.

**Defendants' Joint Request No. 44**

All documents and things reviewed, considered, and/or relied upon when answering Defendants' joint interrogatories or requests for admissions.

**Plaintiffs' Response to Joint Request No. 44**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 42. Plaintiffs further note that Defendants have not served any requests for admissions on Plaintiffs.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents referenced in Plaintiffs' Objections and Responses to Defendants' Interrogatories.

**Defendants' Joint Request No. 45**

All documents and things relied upon by any of Plaintiffs' experts in connection with this action.

**Plaintiffs' Response to Joint Request No. 45**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as premature to the extent that it seeks expert discovery prior to the time set for expert discovery by the Court. Plaintiffs further object to this Request to the extent it seeks documents and things protected under Federal Rules of Civil Procedure 26(b)(4).

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents as required under Federal Rules of Civil Procedure 26(a)(2).

**Defendants' Joint Request No. 46**

All documents and things concerning any legal position held or advocated by Plaintiffs that Plaintiffs may use or rely upon at trial in support of their claims or defenses.

**Plaintiffs' Response to Joint Request No. 46**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as premature to the extent that it seeks expert discovery prior to the time set for expert discovery by

the Court.   These cases are still in the initial stages of discovery and Plaintiffs are still investigating the infringing activities of Defendants.  Accordingly, any response to this Request at the present time would be premature.  Defendants further have the burden of proof with respect to the alleged invalidity of the patents-in-suit.  At this time, defendants have not yet provided their contentions regarding any alleged invalidity of the patents-in-suit.  Under the current case schedules, Defendants will provide plaintiffs with their initial invalidity contentions for each asserted claim on December 17, 2015.  Accordingly, any response to this Request at the present time would be premature.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents that are responsive to this Request at the appropriate time to the extent required by procedures established by the Court, the Federal Rule of Civil Procedure, and/or express agreement of the parties.  Plaintiffs further note that they served on Defendants Plaintiffs' Initial Infringement Contentions Against Defendants on November 2, 2015.

As these cases are still in the initial stage of discovery, Plaintiffs reserve the right to modify or further supplement this response upon, among other things, discovery of additional facts, information, and materials and other relevant developments in these proceedings, and following the Court's issuance of a claim construction order in this case.

**Defendants' Joint Request No. 47**

All documents and things identified by Plaintiffs in their July 24, 2015 initial disclosures.

**Plaintiffs' Response to Joint Request No. 47**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Request to the extent it seeks

documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged relevant documents and pertaining to the patents-in-suit that are responsive to this Request.

**Defendants' Joint Request No. 48**

All agreements and other documents concerning the relationship between Cosmo, Santarus, Salix, or Valeant concerning any budesonide extended release product(s), including but not limited to Uceris, or any other products concerning MMX® Multi Matrix system technology.

**Plaintiffs' Response to Joint Request No. 48**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs object to this Request to the extent it calls for the disclosure of confidential and/or private information, documents or things of any third party or individual that are in the possession of Plaintiffs pursuant to confidentiality and non-disclosure restrictions imposed by contract or applicable law. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 26 and 38.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged assignments and licenses pertaining to the patents-in-suit.

**Defendants' Joint Request No. 49**

Any and all documents and communications concerning any Citizen Petitions filed by Plaintiffs regarding any budesonide extended release product(s), including but not limited to Uceris, or any other products using the MMX® Multi Matrix system technology.

**Plaintiffs' Response to Joint Request No. 49**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)" and "any other products using the MMX® Multi Matrix system technology." Plaintiffs object to this Request to the extent it calls for the disclosure of confidential and/or private information, documents or things of any third party or individual that are in the possession of Plaintiffs pursuant to confidentiality and non-disclosure restrictions imposed by contract or applicable law. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. Plaintiffs further object to this Request as calling for the production of documents that are publicly available or already in Defendants' custody and therefore are of no greater burden for Defendants to obtain than for Plaintiffs to obtain and produce. Plaintiffs further object to this Request to the extent that it is duplicative of Defendants' other Requests, including but not limited to Request Nos. 26 and 38.

**Defendants' Joint Request No. 50**

All documents and things regarding the preparation to file or the filing of any INDs concerning any budesonide extended release product(s), including but not limited to Uceris, or any other products using the MMX® Multi Matrix system technology, including any communications between the FDA and Plaintiffs regarding the filing of any such INDs.

**Plaintiffs' Response to Joint Request No. 50**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any other products using the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit.  Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce portions of IND No. 074882 concerning the formulation of Uceris®.

**Defendants' Joint Request No. 51**

All documents and things relating to any Drug Master File filed with the FDA by Plaintiffs or a third party in connection with any budesonide extended release product(s), including but not limited to Uceris, or any products concerning the MMX® Multi Matrix system technology developed by Plaintiffs.

**Plaintiffs' Response to Joint Request No. 51**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-

suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

**Defendants' Joint Request No. 52**

All documents and thing relating to communications between Plaintiffs and third parties, including customers, potential customers, or health-care professionals, related to any complaints or criticism of Uceris.

**Plaintiffs' Response to Joint Request No. 52**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent that it seeks information protected by Italy's Data Protection Code and/or any applicable Swiss law. Plaintiffs object to this Request to the extent it calls for the disclosure of confidential and/or private information, documents or things of any third party or individual that are in the possession of Plaintiffs pursuant to confidentiality and non-disclosure restrictions imposed by contract or applicable law. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

**Defendants' Joint Request No. 53**

Each document or thing relating to Plaintiffs' document and/or record retention and/or destruction policies from one year prior to Plaintiffs' decision to develop and sell any budesonide extended release product(s), including but not limited to Uceris, or any products concerning the MMX® Multi Matrix system technology including storage and destruction policies for electronic documents and files.

**Plaintiffs' Response to Joint Request No. 53**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence, including to the extent it seeks documents and things concerning "any budesonide extended release product(s)," "any products concerning the MMX® Multi Matrix system technology," and patents and patent applications other than the patents-in-suit and patent applications for the patents-in suit. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged documents consisting Plaintiffs' document retention and destruction policy from 2009 to the present that are responsive to this Request. Any response by Plaintiffs to this Request is not an admission to the date of conception or reduction to practice of the claimed inventions of the asserted claims of the patents-in-suit.

**Defendants' Joint Request No. 54**

All documents and communications concerning any due diligence performed during Valeant's acquisition of Salix related to the patents in suit, including, but not limited to, any valuation of the patents in suit, any analysis of the patentability, priority date, scope, validity, infringement, secondary considerations supporting the non-obviousness of the patents in suit, or enforceability of any claim of the patents in suit.

**Plaintiffs' Response to Joint Request No. 54**

Plaintiffs object to this Request as vague, ambiguous, overly broad, unduly burdensome and seeking documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request to the extent it seeks documents and things protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity. To the extent this Request seeks documents not covered by the other Requests, this Request seeks irrelevant information.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce, to the extent they exist and can be located after a reasonable search, non-privileged relevant documents responsive to this Request pertaining to the patents-in-suit.

**Defendants' Joint Request No. 55**

100 tablets of Uceris.

**Plaintiffs' Response to Joint Request No. 55**

Plaintiffs object to this Request overly broad and unduly burdensome.

Subject to and without waiver of their General and Specific Objections, Plaintiffs will produce thirty (30) tablets of Uceris®.

**Defendants' Joint Request No. 56**

100 grams of the magnesium stearate used in Uceris.

**Plaintiffs' Response to Joint Request No. 56**

Plaintiffs object to this Request as overly broad and unduly burdensome and seeking things that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of their General and Specific Objections, Plaintiffs refer to Plaintiffs' Response to Joint Request No. 55.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs Cosmos Technologies
Limited and Santarus Inc.*

OF COUNSEL:

Joseph M. O'Malley, Jr.
Bruce M. Wexler
Melanie R. Rupert
David M. Conca PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
(212) 318-6000

November 30, 2015

54

## CERTIFICATE OF SERVICE

I hereby certify that I caused copies of the foregoing document to be served on

November 30, 2015, upon the following in the manner indicated:

Karen L. Pascale, Esquire                                  *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Par Pharmaceutical, Inc.*

Richard J. Berman, Esquire                                 *VIA ELECTRONIC MAIL*
Janine A. Carlan, Esquire
Aziz Burgy, Esquire
Taniel E. Anderson, Esquire
Ahmed Abdel-Rahman, Esquire
ARENT FOX LLP
1717 K Street, NW
Washington, DC  20036-5342
*Attorneys for Par Pharmaceutical, Inc.*

John C. Phillips, Jr., Esquire                             *VIA ELECTRONIC MAIL*
David A. Bilson, Esquire
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE  19806
*Attorneys for Actavis Laboratories FL, Inc.*

Elizabeth J. Holland, Esquire                             *VIA ELECTRONIC MAIL*
Natasha E. Daughtrey, Esquire
Naomi L. Birbach, Esquire
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
*Attorneys for Actavis Laboratories FL, Inc.*

John T. Bennett, Esquire                          *VIA ELECTRONIC MAIL*
GOODWIN PROCTER LLP
Exchange Place
55 State Street
Boston, MA  02109
*Attorneys for Actavis Laboratories FL, Inc.*

Karen E. Keller, Esquire                          *VIA ELECTRONIC MAIL*
Jeffrey T. Castellano, Esquire
David M. Fry, Esquire
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE  19801
*Attorneys for Alvogen Pinebrook, LLC*

Matthew J. Becker, Esquire                        *VIA ELECTRONIC MAIL*
Jason T. Murata, Esquire
Stacie L. Ropka, Esquire
AXINN, VELTROP & HARKRIDER LLP
9 State House Square
Hartford, CT  06103
*Attorneys for Alvogen Pinebrook, LLC*

Delphine W. Knight Brown, Esquire                 *VIA ELECTRONIC MAIL*
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY  10036
*Attorneys for Alvogen Pinebrook, LLC*

/s/ *Maryellen Noreika*
_____
Maryellen Noreika (#3208)