# Exhibit 2

| | |
|---|---|
| **From:** | Tymoczko, Nicholas |
| **To:** | Daughtrey, Natasha E |
| **Cc:** | Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH |
| **Subject:** | RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms |
| **Date:** | Monday, December 21, 2015 11:41:16 AM |

Counsel:

We are available at 3:00 PM.  Please use the following dial-in.

- Dial-in: ███████████
- Passcode: ███████████

Regards,
Nick


**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Sunday, December 20, 2015 8:34 PM
**To:** Tymoczko, Nicholas
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

We are available for a meet and confer any time Monday 12/20 other than 10-11 am.  Please provide a time that is good for you and a dial in.

Regards,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Friday, December 18, 2015 5:48 PM

**To:** Daughtrey, Natasha E
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

We disagree that the additional proposed search term is overbroad. Please let us know your availability for a meet and confer.

Regards,
Nick

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Thursday, December 17, 2015 5:50 PM
**To:** Tymoczko, Nicholas
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Hi Nick,

Your new proposed search term suffers from the same deficiency as the prior ones – namely that it is overly broad because it will result in the collection of documents for common excipients used in hundreds, or thousands, of products that have no relevance to this case. You have already proposed two search terms - ██████████████████████████████ - that would collect documents about melting properties of excipients used in the relevant product in this case to the extent such documents exist. As such, we cannot agree to your new proposed search term.

Actavis is willing to agree to add the at least 20 unique terms to our existing search terms at Plaintiffs' request, much more than Plaintiffs are entitled to under the rules, on the condition that Plaintiffs drop their request for these overly broad terms. It has now been a month that Actavis has been trying to come to an agreement with Plaintiffs on search terms. The Court-ordered deadlines in this case do not afford us any more time to wait and continue to negotiate on additional search terms to which Plaintiffs' are not even entitled. Please confirm that Plaintiffs agree to Actavis using the below search terms by close of business tomorrow, 12/18.

| Actavis's Search Terms with Plaintiffs' Requested Additional Search Terms |
|---|
| |
| |

Best,
Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, December 16, 2015 6:11 PM
**To:** Daughtrey, Natasha E
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

Thank you again for agreeing to incorporate Plaintiffs' proposed revisions and additions to Actavis's search terms that are not highlighted in your email below. As we've previously explained, we disagree that Actavis's initial proposed search terms were expansive and that our highlighted proposed revisions/additions are overbroad. Nevertheless, in the interests of compromise and avoiding burdening the Court with unnecessary disputes, we agree that ▮▮▮▮▮▮▮▮▮ need not be added to the existing search terms, and that the two additional search strings do not need to be run. However, we do request that Actavis run the following search term as well:

███████████████████████████

Please confirm that Actavis will use this search term.

Finally, we note that the use of search terms does not relieve Actavis of the obligation to search for and produce documents and things that are responsive to Plaintiffs' discovery requests.

Regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, December 15, 2015 12:58 PM
**To:** Tymoczko, Nicholas
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

Your proposed revisions to our already expansive search terms amount to searching for the product Uceris, the active pharmaceutical ingredient budesonide (which is used in many products completely unrelated to this matter), or even searching for all information about ████ with common excipients used in hundreds, or thousands, of products. The Delaware Default Standards specifically prohibit search terms for "product and company names" as they are "over broad" and not focused. Del. Default Standards at 5(b). As your search terms amount to searching for a product, or even less specifically general excipients, your search terms violate the clear requirement of the Delaware Default Standard that "focused terms, rather than over broad terms ... be employed." Regarding your question of data analytics, Actavis is not required under the rules or otherwise to conduct analytics of search terms that violate the Delaware Default Standards.

Furthermore, your "revisions" to our proposed search terms added 23 unique terms to our existing search terms, in addition to the 3 independent new search terms you proposed. Because each of your additional 23 terms within our original proposed search terms are separated by an "or", your proposal amounts to 23 additional search terms, plus 3 independent new search terms. Thus, your proposal also violates the local rules that "a requesting party may request no more than 10 additional terms to be used in connection with the electronic search." As we stated previously, Actavis is willing to accept most of your proposed search terms on the condition that you remove the ones that are not focused according to the local rules.

Please let us know by close of business on 12/16/15 whether our revisions to your proposed additional terms are acceptable so we can begin our collection.

Regards,
Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Friday, December 11, 2015 7:23 PM
**To:** Daughtrey, Natasha E
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

Thank you for agreeing to incorporate Plaintiffs' proposed revisions and additions to Actavis's search terms that are not highlighted in your email below.

You state that the highlighted terms "are not sufficiently focused" and "will undoubtedly result in the collection of voluminous documents that are not relevant to this litigation." We do not agree that the highlighted terms lack focus; they are focused and narrowly-tailored to capture relevant and responsive documents. To help us understand your position better, could you please let us know whether Actavis has conducted any sort of analysis, including, for example, running data analytics on these proposed terms, to support its assertions that they are not focused enough?

Regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Friday, December 11, 2015 10:39 AM
**To:** Tymoczko, Nicholas
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

Thank you for providing amendments and additional search terms. Most of these will be acceptable to Actavis. However, a few of your proposed amendments and new terms are not sufficiently focused terms, and will undoubtedly result in the collection of voluminous documents that are not relevant to this litigation. Thus, Actavis will not agree to use these additional search terms, indicated below in yellow highlighting.

Plaintiffs' Proposed Revisions to Actavis's Search Terms

| Actavis's Proposed Search Terms | Plaintiffs' Proposed Revisions to Actavis's Search Terms |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Plaintiffs' Proposed Additional Terms

For example, ▮▮▮▮▮▮▮▮▮▮▮▮ are included in many other words that have nothing to do with the products, claims, or defenses in this case.  Regarding your first new proposed search term, it is overly broad and will undoubtedly result in the collection of voluminous documents that are not relevant to this litigation.  As you know, budesonide is an old drug contained in many types of products that have nothing to do with this case.  As such, searching broadly for any testing, research, and development document about budesonide, or Uceris, is not narrowly tailored to this case.  Similarly for your second search term, searching for any discussion of anything related to ▮▮▮▮ with any excipient product is overly broad and will collect voluminous non-responsive documents.  The Delaware Default Standards specifically state that "focused terms, rather than over-broad terms (e.g. product and company names) shall be employed."  Del. Default Standards at 5(b) (emphasis added).  Those terms highlighted in yellow are the type of overly-broad terms prohibited by the Delaware Default Standards.

I confirm that Actavis has no additional search terms to add in light of Plaintiffs' recently served requests for production.    Please let us know by **close of business today** if our revisions to your proposed additional terms are acceptable so we can begin our collection.


Regards,
Natasha



Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com


**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]

**Sent:** Thursday, December 10, 2015 5:17 PM
**To:** Daughtrey, Natasha E
**Cc:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

Thank you for providing Plaintiffs with Actavis's proposed search terms on November 24, and for answering our questions about those terms on November 30 and December 2.  We have reviewed Actavis's proposed search terms and are concerned that they are unreasonably narrow and would exclude from Actavis's document collection numerous documents that are both (1) relevant to this litigation and (2) responsive to Plaintiffs' requests for production.  Accordingly, we have proposed (1) revisions to your original search terms and (2) several additional search terms narrowly tailored to identify relevant and responsive documents.

Plaintiffs make these proposed additions with the understanding that:

-

- Actavis's search terms will capture documents with symbols or letters following the end of each term, including but not limited to (r) or TM symbols; apostrophes; and additional letters.  Accordingly, the root expanders included below are not strictly necessary.
- When searching for its ANDA number, Actavis will use terms sufficient to account for any formatting differences in how the number appears.  By way of non-limiting example, terms should be used to capture documents that include the ANDA number with and without any internal dashes or commas.

If our understanding is incorrect in any way, please inform us promptly.

We note that Actavis provided its list of proposed search terms prior to receiving Plaintiffs' requests for production.  Now that Actavis has received them, please let us know if Actavis will be adding any additional search terms, apart from those identified below.  Finally, we note that the use of ESI search terms is merely a tool to identify responsive documents called for by discovery requests and does not relieve Actavis of its obligation to conduct a reasonable search to identify such documents.

1.   Proposed Revisions to Actavis's Search Terms

| Actavis's Proposed Search Terms | Plaintiffs' Proposed Revisions to Actavis's Search Terms |
|---|---|
|  |  |

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

2. Plaintiffs' Proposed Additional Terms

| |
|---|
| |
| |

Regards,

Nick

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, December 08, 2015 4:19 PM
**To:** Tymoczko, Nicholas
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins
(jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen,
Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH;
Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

It has now been three weeks since Actavis emailed Plaintiffs with search terms that Actavis proposed
to use in collecting documents and Plaintiffs have failed to identify any additional search terms they
would like Actavis to use in collecting its documents, despite our repeated requests for you to do so.
Plaintiffs' continued silence indicates that they do not intend to propose any additional search
terms and that Actavis's search terms are acceptable to Plaintiffs.  Unless Plaintiffs propose new or
amended search terms for Actavis to use by Thursday December 10th, Actavis will move forward
using its proposed search terms.

Regards,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



---

**From:** Daughtrey, Natasha E
**Sent:** Wednesday, December 02, 2015 10:08 PM
**To:** 'Tymoczko, Nicholas'
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins
(jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen,
Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH;

Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

You are incorrect - on Monday of this week we provided the answer to your question regarding the internal abbreviations that Actavis uses or has used to refer to its ANDA product. Actavis can also confirm that its proposed search terms would capture documents with symbols or letters following the end of the term. In any event, the codes that Actavis uses in referring to its ANAD product are already encompassed within our proposed search terms and is therefore not relevant to what, if any, additional search terms that Plaintiffs would propose. There is simply no reason for Plaintiffs to continue to delay in providing what additional search terms they would propose to Actavis, or even provide any timeline for when they will provide such information. Please provide any additional proposed search terms immediately so that Actavis can consider them. As we have said several times now, for Actavis to comply with the Court ordered discovery deadlines in this case we must come to an agreement regarding search terms so that we can begin collecting documents immediately.

Best,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, December 02, 2015 7:22 PM
**To:** Daughtrey, Natasha E
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

We are reviewing Actavis's proposed search terms and will provide you with additional terms

shortly. However, your email below contains several factual inaccuracies that we feel obliged to correct. As you know, the parties have agreed to abide by the District of Delaware's Default Standard for Discovery with respect to the use of search terms to locate and collect ESI. Under that standard, "If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party."

Actavis first informed plaintiffs of its proposed search terms last week, on Tuesday, November 24th, at the close of business, demanding a response in less than 24 hours. We promptly responded to your email seeking clarification with respect to Actavis's proposed terms the next day. To date, however, Actavis has not responded to all of our inquiries about its proposed search terms. Nevertheless, again on Monday, November 30, Actavis sought a response within two business days about its only recently disclosed list of search terms. Plaintiffs' have not delayed at all in responding to Actavis's proposed search terms.

Further, it is unreasonable for Actavis to disclose its proposed search terms to Plaintiffs less than two days before Thanksgiving, demand a response first within 24 hours, and then again with three days, while failing to answer Plaintiffs' questions about Actavis's proposed search terms. In any event, as we've noted, we will promptly provide proposed additions to Actavis's search terms. To facilitate that process, we ask again that you answer our outstanding question about the scope of Actavis's proposed terms.

Regards,
Nick

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Monday, November 30, 2015 1:22 PM
**To:** Tymoczko, Nicholas
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Hi Nick,

When we reached out to you regarding search terms almost two weeks ago now, we advised you that we would need to expeditiously come to an agreement on search terms. After you failed to respond, we again emailed you and reminded you that to comply with the discovery deadlines in this case, we would need to come to an agreement on search terms immediately. Thus, the urgency in coming to an agreement on what search terms Actavis will use is not due to Actavis being unreasonable, but rather due to Plaintiffs' failure to respond to our emails in a timely manner. Kindly provide what additional search terms, if any, Plaintiffs want Actavis to use as soon as possible, and in any event no later than Wednesday Dec. 2nd. By then Plaintiffs will have had more than two weeks to consider this issue.

Best,
Natasha


Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, November 25, 2015 11:41 AM
**To:** Daughtrey, Natasha E
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins
(jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen,
Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH;
Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

Thank you for sending us Actavis's proposed search terms.  We are reviewing them and will provide
additional terms in accordance with the framework set forth in the Delaware default standards in a
timely manner.  It is, however, unreasonable for Actavis to expect us to provide the additional terms
in less than 24 hours, especially in light of the upcoming Thanksgiving holiday weekend.

In the meantime, please confirm that the terms identified below will return documents with symbols
or letters following the end of the term (████████████████████████████████████
████████████████████████████████████████████████████████████).  Please also
identify any internal abbreviations or codes Actavis uses or has used to refer to its ANDA product.

Have a happy Thanksgiving.

Regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, November 24, 2015 5:43 PM
**To:** Tymoczko, Nicholas
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins

(jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

Your email indicates that Plaintiffs might not use search terms in their document collection. If Plaintiffs intend to not use search terms in collecting and producing documents responsive to Defendants' requests for production, please let us know immediately.

As Plaintiffs do not want to engage in a mutual negotiation of search terms, Actavis will use the following terms in its document collection:

As emphasized in our email from a week ago, Actavis must come to an expeditious agreement on the search terms that it will use in its document collection. Therefore, Plaintiffs must provide any additional search terms to Actavis by **close of business tomorrow, November 25th**. Plaintiffs failure to do so will indicate that Plaintiffs agree with Actavis using these search terms, and Actavis will proceed with our collection accordingly.

Regards,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Monday, November 23, 2015 8:14 PM
**To:** Daughtrey, Natasha E
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins
(jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen,
Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH;
Rupert, Melanie R.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Natasha,

Under Paragraph 5(b) of the Delaware Default Standards, if a producing party elects to use search
terms to locate potentially responsive ESI, the producing party shall then disclose those search
terms to the requesting party.  The requesting party then may request no more than ten additional
terms to be used in connection with the producing party's electronic search.

Given the clear language of the Delaware Default Standards, we do not understand why Defendants
have asked Plaintiffs to agree to a joint search term list with respect to potentially responsive ESI in
this case.  Nor do we understand why Defendants have proposed an additional 25 search terms for
Plaintiffs alone, which is clearly contrary to the limits set by the Delaware Default Standards.

In accordance with the Delaware Default Standards, if Plaintiffs elect to use search terms to locate
potentially responsive ESI, Plaintiffs will disclose those search terms to Defendants in due course.  In
the meantime, if Defendants would like to send Plaintiffs the list of search terms that Defendants
intend to use in searching Defendants' ESI, we are happy to review the list and request additional
search terms, as necessary.

Best regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Monday, November 23, 2015 12:43 PM
**To:** Rupert, Melanie R.
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins
(jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen,

Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms


Counsel,

We have not received any response from our email last week regarding search terms.  As we
informed you, the Defendants need sufficient time to collect documents using any agreed upon
search terms, so we must come to an agreement regarding search terms straightaway.  Please
advise us immediately if Plaintiffs will agree to our proposal regarding search terms below.

Best,

Natasha


Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



---

**From:** Daughtrey, Natasha E
**Sent:** Tuesday, November 17, 2015 4:05 PM
**To:** 'Rupert, Melanie R.'
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel'
(Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com;
'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins
(jhiggins@ycst.com)'; 'UCERIS'; 'dfry@shawkeller.com'; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; 'Nguyen,
Jennifer'; 'Peachman, Scott'; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH
(Cosmo-Uceris-PH@paulhastings.com)
**Subject:** Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel,

I write on behalf of Actavis, Par, and Alvogen.  The Defendants would like to come to an agreement
with Plaintiffs on the search terms that the parties will use for collection of electronically stored
information.  Given the time it takes to apply and collect electronically stored information using
search terms, and the fact discovery deadlines in this case, Defendants would like to come to an
expeditious agreement on search terms with Plaintiffs.  Accordingly, Defendants propose that the
Plaintiffs and Defendants use the following search terms:

In addition, because Plaintiffs, unlike Defendants, will likely have relevant information about the applications related to the patents in suit, and the named inventors to the patents in suit, Defendants propose that the Plaintiffs also use the following additional search terms:





Please let us know by Friday, November 20, 2015 whether the parties are in agreement on using these search terms.

Best,

Natasha


Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



*********************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*********************************************************************


*************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at



****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com