Exhibit 3

| | |
|---|---|
| **From:** | Sherry, Samuel |
| **To:** | "Tymoczko, Nicholas" |
| **Cc:** | "Wexler, Bruce M."; "Rupert, Melanie R."; "Conca, David M."; "Noreika, Maryellen (MNoreika@MNAT.com)"; "Cosmo-Uceris-PH"; "dab@pgmhlaw.com"; "jcp@pgmhlaw.com"; DG-Uceris |
| **Subject:** | RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.) |
| **Date:** | Friday, April 22, 2016 1:32:38 PM |

Nick,

I write to follow up on my letter of April 1 and our discussion during this week's meet and confer.

With regard to communications concerning the patents-in-suit and communications between plaintiff entities and inventors [RFP Nos. 26 and 27], you told us that you were not withholding these documents for reasons other than privilege, but did not assert that any such documents were actually produced. ███████████████████████████████████████████████████████████████████ ███████

As I indicated during the meet and confer, (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications between any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit are not privileged. Please tell us (a) if Plaintiffs are withholding any such communications as privileged and under what basis and (b) what, if any, efforts Plaintiffs have made to ensure such documents responsive to the above RFPs were collected.

With regard to minutes or other meeting records from the time of invention [RFP Nos. 3 and 36] , you told us that you were not withholding these documents, but did not assert that any such documents were actually produced.  Please tell us what, if any, efforts Plaintiffs have made to ensure these documents were collected.

With regard to documents responsive to RFP Nos. 37, 38 and 48, you told us that Plaintiff would produce the licenses for the patents in suit (and had already produced the assignments).  Please confirm that Plaintiffs will also produce any contracts or agreements that cover the licenses or assignments, such as the acquisition agreements between Plaintiff entities or technology licenses with Cosmo.

As I indicated in the M+C, I inadvertently typed "mg" instead of "g" in my message below. ██████████████████ ██████████████████████████████████████████████  As I indicated both below and during our meet and confer, if Plaintiffs can articulate a reason why production of other excipient samples is relevant to some issue in this case or why a larger quantity is required, we are willing to consider further requests.

Best regards,

Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

**From:** Sherry, Samuel
**Sent:** Friday, April 15, 2016 6:15 PM
**To:** Tymoczko, Nicholas
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Nick,

I dialed in at the same time.  It's unclear how we missed in each other.  I suggest reconvening on Monday at 3pm.  Just to prevent further confusion, shall we use the same number as last time (Dial-in: ██████████ , Passcode: ██████████ )? If not, we can provide a dial-in.

With respect to your email of April 12, we do not agree with your description of the meet and confer or your account of Actavis's positions.  Although a point-by-point discussion would not be productive, there are a few issues I will address specifically.

First, I will note that Plaintiffs were unprepared to discuss any of the discovery deficiencies identified in my letter of April 1. We have yet to receive any response to this letter, which has been outstanding for two weeks.  We expect a complete response by Monday's meet and confer.

With respect to the excipient samples, Plaintiffs failed to describe how physical samples of any of Actavis's excipients are relevant to this case or – even if production of a sample is warranted – why 100 mg is necessary.

If Plaintiffs can articulate a reason why production of other excipient samples is relevant to some issue in this case or why a larger quantity is required, we are willing to consider further requests.


Regarding the issues raised in your email of April 8, Actavis will provide a supplemental production of its ANDA and will re-produce the spreadsheets you requested.  With regard to points (2) and (3) from your email, Actavis's production includes many R&D-related documents, but we are not aware of any non-privileged documents concerning knowledge of the asserted patents.

Have a good weekend,
-Sam
Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Friday, April 15, 2016 3:39 PM
**To:** Sherry, Samuel
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Counsel:

We dialed in shortly after 3:00 today for the meet and confer and stayed on the line until 3:15, but it seems that we missed you.  Please let us know your availability early next week.

Regards,
Nick

---

**From:** Tymoczko, Nicholas
**Sent:** Tuesday, April 12, 2016 4:47 PM
**To:** 'Sherry, Samuel'
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Sam:

We write to memorialize today's meet and confer.

First, with respect to Plaintiffs' request for samples of the excipients used in Actavis's ANDA product (Request No. 11), we

explained that they are relevant to the issue of infringement and should be produced.  You would not state that some of the excipients are not relevant to this case, and agreed that they are all more or less relevant.  Nor did you identify any burden with respect to the requested amount of the excipients.  Notwithstanding that Plaintiffs' requests were served in December, you could not state whether Actavis will produce the requested samples or when Actavis will have an answer one way or the other.

We look forward to speaking with you further on Friday at 3:00 PM about production of the requested samples.  In addition, we would like to discuss the deficiencies in Actavis's production identified in our email from April 8th (attached), to which Actavis has not yet replied.

Finally, you confirmed, as stated in your email below, that Actavis is not withholding documents responsive to the requests identified in our March 30, 2016 email (*i.e.*, Request Nos. 6, 13, 14, 15, 16, 17, 20, 25, 28, 29, 30, 31, 32, 33, 34, 53, 54) on the basis of Actavis's responses, even though, for example, Actavis stated that it would not produce documents in response to some of the requests (*e.g.*, Nos. 29, 53).  Thank you for so confirming.

Regards,
Nick

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Friday, April 08, 2016 3:47 PM
**To:** Tymoczko, Nicholas
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Nick,

I write in response to your emails of March 30 and April 7.

In your email, you identify 17 different RFPs in which you raise new objections to Actavis's responses served on January 11.  As an initial point, this set of wide-ranging objections to our discovery responses would have been more fit for discussion while document collection was still on-going.  However, although Actavis stands by the propriety of its discovery responses, we have not withheld responsive non-privileged documents from production on the basis of the RFP responses identified in your email.

We are investigating the availability of the requested samples (and associated documentation) and will get back to you shortly.

If you still wish to meet and confer, we are available on Monday between 1pm and 4pm.

Best regards,
-Sam

Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

**From:** "Tymoczko, Nicholas" <nicholastymoczko@paulhastings.com>
**Date:** April 7, 2016 at 8:36:33 PM EDT
**To:** "'Bennett, John T'" <JBennett@goodwinprocter.com>, "'Holland, Elizabeth J.'"
<EHolland@goodwinprocter.com>, "'Birbach, Naomi'" <NBirbach@goodwinprocter.com>, "'Daughtrey, Natasha
E'" <NDaughtrey@goodwinprocter.com>
**Cc:** "Wexler, Bruce M." <brucewexler@paulhastings.com>, "Rupert, Melanie R."
<melanierupert@paulhastings.com>, "Conca, David M." <davidconca@paulhastings.com>, "'Noreika, Maryellen
(MNoreika@MNAT.com)'" <MNoreika@MNAT.com>, Cosmo-Uceris-PH <Cosmo-Uceris-PH@paulhastings.com>
**Subject: RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)**

Counsel:

You have not responded to our email from last week (Wednesday, March 30th), which requested a meet and
confer on Tuesday of this week, April 5th.  Please confirm by close of business tomorrow that Actavis is
producing the documents and things identified below or let us know your availability for a meet and confer on
Monday.

Regards,
Nick

---

**From:** Tymoczko, Nicholas
**Sent:** Wednesday, March 30, 2016 1:35 PM
**To:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; 'Daughtrey, Natasha E'
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-
Uceris-PH
**Subject:** Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Counsel:

We have received Actavis's responses to Plaintiffs' first set of document requests and Actavis's document
production.  We are in the process of assessing the production, but based on our review of Actavis's written
responses, we are concerned that Actavis's production may be unduly limited. We write to confirm that
documents are not being improperly withheld.

### 1.   Actavis's Refusal to Produce Relevant Documents

In several instances, Actavis has refused to produce documents that are relevant to the issues of infringement
and validity.  Specifically Request Nos. 29, 32, and 33. The documents called for by these requests should be
produced.  Further, the document retention/destruction policies and organizational charts called for by Request
Nos. 53-54 should also be produced.

### 2.   Actavis's Unduly Limited Responses

In a number of cases, Actavis has agreed to produce some documents called for by specific requests, but has
improperly narrowed the scope of documents to be produced, thus excluding documents relevant to the issues
of infringement and validity.  Those responses are identified below and the deficiencies noted:

- Request No. 6: In addition to the documents Actavis has agreed to produce, documents and things
  concerning communications regarding (1) Uceris or any extended-release budesonide product that
  Actavis contends is prior art to the patents-in-suit and (2) Actavis's ANDA product that are not with the
  FDA should also be produced.

-

- Request Nos. 16, 20: To the extent specific documents were considered by Actavis in developing its ANDA product or deciding to develop it, those documents should be produced.

- Request Nos. 28, 30, 31, and 34: Actavis appears to be improperly limiting its production to documents relating to the alleged invalidity and non-infringement of the asserted patents.

3. **Samples (Requests Nos. 10-12)**

Request No. 11 seeks "one hundred (100) grams of each of the excipients used in Your ANDA product." These samples are relevant to the issue of infringement and should be produced.

Request No. 12 seeks documents created in connection with relevant samples, and should be produced.

*****

We request a meet and confer with Actavis on April 5th to discuss Actavis's refusal to produce the above categories of documents and samples.

Regards,
Nick



**Nicholas A. Tymoczko | Associate**
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct: +1.212.318.6783 | Main: +1.212.318.6000 | Fax: +1.212.230.7783 | nicholastymoczko@paulhastings.com | www.paulhastings.com

*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

*****************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at