# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 Fax

**Maryellen Noreika**
(302) 351-9278
(302) 425-3011 FAX
mnoreika@mnat.com

August 26, 2016 - Original Filing Date
September 2, 2016 - Redacted Filing Date

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark        *VIA ELECTRONIC FILING*
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:  *Cosmo Techs. Ltd. v. Actavis Labs. FL, Inc.*, C.A. No. 15-164-LPS (D. Del.)

Dear Chief Judge Stark:

Plaintiffs Cosmo Technologies Ltd., Valeant Pharmaceuticals International, and Valeant Pharmaceuticals Luxembourg S.à r.l. (collectively, "Plaintiffs") submit this letter in opposition to the August 24, 2016 letter (D.I. 172) from Defendant Actavis Laboratories FL, Inc. ("Actavis"). Actavis's letter does not address the issue it previously identified for Court resolution, but instead improperly raises new issues in an attempt to prolong fact discovery at a time when Plaintiffs should be focused on expert discovery.  Actavis's requests should be denied.

**The Discovery Dispute Identified by Actavis Has Already Been Resolved Because Plaintiffs Have Clarified the Status of the Three Categories of Documents at Issue**

In the parties' July 5, 2016 joint letter to the Court (D.I. 153), Actavis stated that it sought that Plaintiffs "clarify" the status of communications between the Plaintiffs, their predecessors, and the inventors.  Specifically, Actavis asked whether such documents had been withheld as privileged and what steps were taken to collect and produce responsive documents.  As explained below, Plaintiffs provided these clarifications and that issue is now resolved.

As early as November 30, 2015, Plaintiffs made clear that they would produce non-privileged documents responsive to Defendants' Document Request Nos. 26, 27, and 54 pertaining to the patents-in-suit, and log responsive privileged documents consistent with the Court-ordered cutoff date.  D.I. 172, Ex. 1 at 32-34, 52-53.  Actavis did not object to this proposed scope of production, and Plaintiffs produced documents in accordance with their responses.

Both before and after Actavis crystallized its requests in the July 5, 2016 letter, Plaintiffs addressed and answered these specific Actavis questions as well as many others in multiple ways

The Honorable Leonard P. Stark
August 26, 2016
Page 2

throughout the course of fact discovery. First, Cosmo provided two separate Rule 30(b)(6) witnesses to testify on its search for and collection of documents, and Valeant provided one witness on that topic – even though both defendants uniformly refused to provide witnesses on similar Rule 30(b)(6) topics. Ex. A at 9-10 (Topic No. 7); Ex. B at 7-8 (Topic No. 7). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Second, after Defendants specifically requested Plaintiffs' search terms in June during the deposition of Dr. Luigi Moro – after a six-month lag – Plaintiffs promptly provided both Cosmo's search terms on June 15, and Valeant's search terms on July 5. Ex. D (Emails & Attachment Disclosing Plaintiffs' Search Terms). Third, Plaintiffs produced a privilege log identifying which responsive documents were being withheld and the basis for withholding. D.I. 172, Ex. 7. Fourth, in response to Actavis's ongoing requests, Plaintiffs made a supplemental production of documents on July 27, 2016, and also provided a supplemental privilege log. D.I. 172, Ex. 8.

Although Plaintiffs provided Actavis with all the information it requested, Actavis did not withdraw its request for relief from the Court. Instead, Actavis improperly used its letter as a vehicle to belatedly raise new issues.

**Plaintiffs Have Already Used Broad Search Terms, Among Other Collection Methods, to Identify Any Potentially Responsive Documents**

Actavis's request that Cosmo and Valeant be required to conduct additional searches using the terms "Valeant" and "Cosmo" respectively should be denied.[2] As an initial matter, Actavis did not identify the use of search terms at all in the joint letter to the Court even though Actavis states that its current "letter is limited to the issues raised by Actavis in the July 5, 2016 letter to the Court." Compare D.I. 172 at 1, with D.I. 153 at 1-2. In fact, Actavis affirmatively waived this very issue – i.e., "whether and what search terms Plaintiffs may have used" and "the methods Plaintiffs used to comply with their discovery obligations" – when Actavis withdrew it after Plaintiffs identified their search terms to avoid this very dispute. See Exs. G-H, July 5, 2016 Email from S. Sherry at 1 & attachment thereto ("In light of Valeant's identification of search terms this afternoon, we have removed the second issue.").

In any event, Actavis's proposed additional search terms neither comply with the Court's Default Standard nor are they reasonably calculated to discover potentially relevant information. Under the Default Standard, "[f]ocused terms, rather than over-broad terms (e.g., product and company names), shall be employed." Yet Actavis's two proposed terms are both company names without further qualification to tailor them to the issues in this case. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Despite noticing this deposition and confirming that it would proceed (see Ex. E, July 22, 2016 Email from N. Daughtrey), Actavis chose not to attend. Instead, only counsel for Alvogen was present. Ex. F, July 26, 2016 Email from D. Knight Brown; Ex. C at 3. Tellingly, Alvogen has not joined Actavis's motion or raised any of these issues with Plaintiffs.

[2] Plaintiffs note that, to date, not all Defendants in these cases have disclosed their search terms.



**Plaintiffs Have Produced or Logged Responsive Communications Between the Plaintiffs and Their Predecessors Concerning the Patents-in-Suit**

Actavis's request for "a complete log setting out all inter-plaintiff communications withheld on the basis of privilege prior to the establishment of the relevant common interests" should also be denied. D.I. 172 at 2. As an initial matter, Actavis appears to be using this request as an attempt to seek all inter-Plaintiff communications on any topic instead of the unchallenged universe of documents Plaintiffs agreed to produce in their responses back in November 2015. Further, Plaintiffs have already provided Actavis with a privilege log identifying all responsive, privileged documents ▮ prior to the Court-ordered cutoff date for logging privileged documents of July 22, 2014. See D.I. 172, Exs. 7-8.

To the extent that Actavis is attempting to challenge Plaintiffs' privilege log now (see D.I. 172 at 2-3 and the cases cited therein), Actavis has never previously raised privilege log deficiency issues with Plaintiffs, and the parties have never met and conferred about the issue. Given that fact discovery is already closed, any such challenge is now stale. Actavis thus abandons this issue and instead asks the Court to require Plaintiffs to log communications between Cosmo and Valeant (and presumably Salix and Santarus as well) occurring after the privilege log cutoff date of July 22, 2014 and before April 2015, when Valeant acquired Salix.[4] Logging of post-cutoff date documents is an issue that Actavis has not previously raised with Plaintiffs, and Actavis's broad request for all post-cutoff communications amounts to make-work that is unlikely to lead to relevant evidence.

For at least these reasons, Plaintiffs respectfully submit that the Court should deny Actavis's requests.

---

[3] The terms that Cosmo and Valeant used were, in fact, based on the 40-term list provided to Plaintiffs by Actavis. Compare Ex. I at 8-9 with Ex. D.

[4] A new cutoff date of April 2015 is especially unwarranted because it is two months *after* the date Actavis originally proposed (February 2, 2015) when the parties addressed the appropriate date for logging privileged documents before the Court in October 2015. ▮

The Honorable Leonard P. Stark
August 26, 2016
Page 4

                              Respectfully,

                              */s/ Maryellen Noreika*

                              Maryellen Noreika (#3208)

MN:dlw
Enclosure
cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
        All Counsel of Record (Via Electronic Mail; w/ encl.)