# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COSMO TECHNOLOGIES LIMITED, | ) | |
| VALEANT PHARMACEUTICALS | ) | |
| INTERNATIONAL, and VALEANT | ) | |
| PHARMACEUTICALS LUXEMBOURG | ) | |
| S.À R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-193-LPS |
| | ) | |
| ALVOGEN PINE BROOK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALVOGEN PINE BROOK, LLC'S
OBJECTIONS AND RESPONSES TO PLAINTIFFS'
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIVIL P. 30(B)(6)**

Defendant Alvogen Pine Brook, LLC ("Alvogen"), through its undersigned counsel of record, hereby submits the following objections and responses to the Notice of Deposition of Alvogen Pine Brook, LLC Pursuant to Federal Rule of Civil Procedure 30(b)(6) and topics of testimony (the "Topics") served by Plaintiffs Cosmo Technologies Limited, Valeant Pharmaceuticals International and Valeant Pharmaceuticals Luxembourg S.à r.l. (collectively, "Plaintiffs") as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Alvogen hereby incorporates by reference all objections to Plaintiffs' Definitions and Instructions set forth in Alvogen Pine Brook, Inc.'s Objections and Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-6), served January 6, 2016, and Defendant Alvogen Pine Brook, LLC's Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents and Things (Nos. 1-54), served January 6, 2016.

**RESPONSE TO TOPIC NO. 6:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Topic as unduly burdensome to the extent that it seeks information that Alvogen has already produced to Plaintiffs or is in Plaintiffs' possession.  Alvogen further objects to this Topic to the extent is seeks information that is protected by the attorney-client privilege, the attorney work product immunity or any other applicable privilege and/or immunity.  Alvogen further objects to this Topic as vague and ambiguous at least in its use of the terms "decision," "develop," "underlying rationale," "evaluation," "actual or potential market," "market share projections or analyses" "anticipated impact" and "market share."  Alvogen further objects to this Topic as overly broad and unduly burdensome, and to the extent it seeks information that is not relevant to any claim or defense asserted in this action and not proportional to the needs of the case.  Alvogen further objects to this Topic to the extent that it is duplicative of other discovery that Plaintiffs have already propounded, including interrogatories and document requests.

Subject to and without waiving its General and Specific Objections to this Topic, Alvogen will produce, at a mutually agreeable time and location, a witness to testify on this Topic.

**TOPIC NO. 7:**

The preservation, custodianship, location, storage, and filing of documents and things responsive to any request for production served on Alvogen in this action, including: (i) any document retention, transfer or destruction policies; (ii) the destruction, storage, scanning or recycling of any documents or electronic storage devices by or on behalf of Alvogen; and (iii) any policies, practices or standard operating procedures regarding the storage or backup of electronic information.

**RESPONSE TO TOPIC NO. 7:**

In addition to and in express reliance on the General Objections set forth above, Alvogen objects to this Topic to the extent is seeks information that is protected by the attorney-client privilege, the attorney work product immunity or any other applicable privilege and/or immunity. Alvogen further objects to this Topic as vague and ambiguous at least in its use of the terms "policies," "practices" and "standard operating procedures." Alvogen further objects to this Topic as overly broad and unduly burdensome, and to the extent it seeks information that is not relevant to any claim or defense asserted in this action and not proportional to the needs of the case.

Pursuant to its General and Specific Objections to this Topic, Alvogen will not produce a witness to testify on this Topic.

| | |
|---|---|
| OF COUNSEL: | */s/ David M. Fry* |
| Matthew J. Becker | Karen E. Keller (No. 4489) |
| Stacie L. Ropka | Jeffrey T. Castellano (No. 4837) |
| AXINN, VELTROP & HARKRIDER LLP | David M. Fry (No. 5486) |
| 90 State House Square | SHAW KELLER LLP |
| Hartford, CT 06103 | 300 Delaware Avenue, Suite 1120 |
| (860) 275-8100 | Wilmington, DE 19801 |
| | (302) 298-0700 |
| Delphine W. Knight Brown | kkeller@shawkeller.com |
| AXINN, VELTROP & HARKRIDER LLP | jcastellano@shawkeller.com |
| 114 West 47th Street | dfry@shawkeller.com |
| New York, NY 10036 | *Attorneys for Defendant* |
| (212) 728-2200 | |
| | |
| Brett Garrsion | |
| AXINN, VELTROP & HARKRIDER LLP | |
| 950 F Street NW | |
| Washington, DC 20004 | |
| (202) 721-5405 | |

Dated: May 24, 2016

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COSMO TECHNOLOGIES LIMITED, | ) |
| VALEANT PHARMACEUTICALS | ) |
| INTERNATIONAL, and VALEANT | ) |
| PHARMACEUTICALS LUXEMBOURG | ) |
| S.À.R.L., | ) |
| | ) C.A. No. 15-164 (LPS) |
| Plaintiffs, | ) |
| v. | ) **CONFIDENTIAL** |
| ACTAVIS LABORATORIES FL, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT ACTAVIS'S OBJECTIONS TO PLAINTIFFS'**
**JOINT NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

Defendant Actavis Laboratories FL, Inc. ("Actavis") hereby objects and responds to Plaintiffs' Notice of Deposition of Actavis Laboratories FL, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6) and Schedule A thereto served by Plaintiffs Cosmo Technologies Limited, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals Luxembourg S.à. r.l. (collectively, "Plaintiffs") as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated by reference in each and every response to Plaintiffs' Schedule A, whether or not specifically stated.

1.      Actavis objects to the Notice of Deposition to the extent it purports to impose obligations different from or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, and/or any standing orders of this Court.

2.      Actavis objects to each and every Topic for deposition listed in Schedule A to the extent that it seeks information protected from discovery by the attorney-client privilege, the

facts concerning licensing or supply agreements concerning Actavis's ANDA product or the

excipients and API used to make Actavis's ANDA product.

## Topic 6

Actavis's decision to develop and seek approval from the FDA to manufacture and sell a generic version of Uceris, including but not limited to the underlying rationale for Actavis's decision, any evaluation of the actual or potential market for Extended-Release Budesonide Products in the United States and/or a generic version of Uceris, any sales or market share projections or analyses, and the anticipated impact of Actavis's ANDA Product on the sales price and market share of Uceris.

## Objection to Topic 6

Actavis incorporates its General Objections as if set forth in full herein. Actavis objects

to this Topic as it seeks information protected from discovery by the attorney-client privilege, the

work-product doctrine, and/or any other privilege or immunity. Actavis objects to this Topic

because it seeks information that is neither relevant to any claim or defense of the parties in this

action nor proportional to the needs of the case.  Actavis objects to this Topic on the grounds that

it fails to set forth with reasonable particularity the Topic for deposition.  Actavis objects to this

Topic on the grounds that it calls for expert testimony.

Subject to, and without waiving the foregoing general and specific objections, Actavis

will designate a witness or witnesses to testify regarding non-privileged, reasonably available

facts concerning Actavis's decision to develop the Actavis ANDA product.

## Topic 7

The preservation, custodianship, location, storage, and filing of documents and things responsive to any request for production served on Actavis in this action, including: (i) any document retention, transfer or destruction policies; (ii) the destruction, storage, scanning or recycling of any documents or electronic storage devices by or on behalf of Actavis; and (iii) any policies, practices or standard operating procedures regarding the storage or backup of electronic information.

**Objection to Topic 7**

Actavis incorporates its General Objections as if set forth in full herein. Actavis objects to this Topic as it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other privilege or immunity.  Actavis objects to this Topic on the grounds that it is vague, overly broad, and unduly burdensome.  Actavis objects to this Topic because it seeks information that is neither relevant to any claim or defense of the parties in this action nor proportional to the needs of the case.  Actavis objects to this Topic on the grounds that it fails to set forth with reasonable particularity the Topic for deposition.

Subject to, and without waiving the foregoing general and specific objections, Actavis is willing to meet and confer regarding the scope of this topic, to the extent to which Plaintiffs identify specific issues relevant to the claims or defenses of any party and proportional to the needs of this case that regard the preservation, custodianship, location, storage, or filing of documents and things responsive to requests for production.

Dated: May 17, 2016                                  Respectfully submitted,


                                                     By its attorney,

OF COUNSEL:                                          PHILLIPS GOLDMAN & SPENCE, P.A.
Elizabeth J. Holland
Natasha E. Daughtrey                                 By: */s/ John C. Phillips, Jr.*
Naomi L. Birbach                                     John C. Phillips, Jr. (#110)
GOODWIN PROCTER LLP                                  David A. Bilson (#4986)
The New York Times Building                          1200 North Broom Street
620 Eighth Avenue                                    Wilmington, Delaware 19806-4204
New York, NY 10018                                   Tel. (302) 655-4200
Tel.: (212) 813-8800                                 jcp@pgslaw.com
eholland@goodwinprocter.com                          dab@pgslaw.com
ndaughtrey@goodwinprocter.com
nbirbach@goodwinprocter.com                          *Attorneys for Defendant Actavis Laboratories FL,*
                                                     *Inc.*

John T. Bennett
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel.: (617) 570-1000
jbennett@goodwinprocter.com

# Exhibit C

# REDACTED
# IN ITS
# ENTIRETY

# Exhibit D

| | |
|---|---|
| **From:** | Tymoczko, Nicholas |
| **Sent:** | Wednesday, June 15, 2016 11:18 AM |
| **To:** | Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com); Birbach, Naomi; Daughtrey, Natasha E; Sheila.Swaroop@knobbe.com; bill.zimmerman@knobbe.com; KMOB.Budesonide |
| **Cc:** | Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com |
| **Subject:** | Cosmo et al. v. Actavis, Alvogen, Lupin, and Par |

Counsel:

We understand that, during Dr. Luigi Moro's deposition in Milan, Italy, defendants asked for the list of search terms used in connection with Cosmo's electronic document collections.  Here is the list of search terms:





Regards,
Nick



**Nicholas Tymoczko | Associate, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6783
| Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

**From:**          Tymoczko, Nicholas
**Sent:**          Tuesday, July 5, 2016 2:36 PM
**To:**            Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris;
                   kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com;
                   kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack
                   Phillips (jcp@pgmhlaw.com); Birbach, Naomi; Daughtrey, Natasha E;
                   Sheila.Swaroop@knobbe.com; bill.zimmerman@knobbe.com; KMOB.Budesonide
**Cc:**            Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.;
                   mnoreika@mnat.com
**Subject:**       Cosmo et al. v. Actavis, Alvogen, Lupin, and Par

Counsel:

Below is the list of search terms used in connection with Valeant's collection of electronic documents.







Regards,
Nick

---


**Nicholas Tymoczko** | **Associate, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6783
| Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

| | |
|---|---|
| **From:** | Tymoczko, Nicholas |
| **Sent:** | Thursday, July 28, 2016 12:11 PM |
| **To:** | Axinn-Budesonide@axinn.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com); Birbach, Naomi; Daughtrey, Natasha E |
| **Cc:** | Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; mnoreika@mnat.com; Jblumenfeld@mnat.com |
| **Subject:** | RE: Cosmo et al. v. Actavis, Alvogen |
| **Attachments:** | Search Terms for Cosmo.pdf |

Counsel:

In addition to the search terms identified below, ███████████████ was included among Cosmos's search terms.  Attached is a copy of the list of search terms provided to Alvogen's counsel during yesterday's deposition of John Larimer.

Regards,
Nick

---

**From:** Tymoczko, Nicholas
**Sent:** Wednesday, June 15, 2016 11:18 AM
**To:** Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com); Birbach, Naomi; 'Daughtrey, Natasha E'; Sheila.Swaroop@knobbe.com; bill.zimmerman@knobbe.com; KMOB.Budesonide
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com
**Subject:** Cosmo et al. v. Actavis, Alvogen, Lupin, and Par

Counsel:

We understand that, during Dr. Luigi Moro's deposition in Milan, Italy, defendants asked for the list of search terms used in connection with Cosmo's electronic document collections.  Here is the list of search terms:



1





Regards,
Nick

---


**Nicholas Tymoczko** | **Associate, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6783
| Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

## Search Terms for Cosmo





# Exhibit E

| | |
|---|---|
| **From:** | Daughtrey, Natasha E <NDaughtrey@goodwinlaw.com> |
| **Sent:** | Friday, July 22, 2016 11:09 AM |
| **To:** | Nguyen, Jennifer; Birbach, Naomi; Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com) |
| **Cc:** | Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com; Tymoczko, Nicholas |
| **Subject:** | RE: Cosmo/Valeant v. Actavis et al. |

Jennifer,

Defendants confirm that they will take the Larimer deposition on July 27th at Paul Hastings New York office.

Regards,

Natasha

Natasha E. Daughtrey



**Goodwin Procter** LLP
620 Eighth Avenue
New York, NY 10018
T: +1 212 459 7245
F: +1 212 355 3333
ndaughtrey@goodwinlaw.com
www.goodwinlaw.com

**From:** Nguyen, Jennifer [mailto:jennifernguyen@paulhastings.com]
**Sent:** Friday, July 22, 2016 10:15 AM
**To:** Birbach, Naomi; Daughtrey, Natasha E; Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com)
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com; Tymoczko, Nicholas
**Subject:** RE: Cosmo/Valeant v. Actavis et al.

Counsel:

Further to Dave's July 19, 2016 email, please confirm that defendants will proceed with the deposition of John Larimer on July 27 in the offices of Paul Hastings New York.

Regards,
Jennifer

**From:** Tymoczko, Nicholas
**Sent:** Wednesday, June 22, 2016 12:36 PM
**To:** Birbach, Naomi; Daughtrey, Natasha E; Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com)
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com
**Subject:** Cosmo/Valeant v. Actavis et al.

Counsel:

Valeant hereby designates Ms. Isabelle Lefebvre to provide Rule 30(b)(6) testimony in response to Topic No. 24 of defendants' Rule 30(b)(6) notice, subject to Valeant's objections.  Ms. Lefebvre is available on July 6 in New York, NY.  In addition, Valeant and Cosmo hereby designate Mr. John Larimer to provide Rule 30(b)(6) testimony in response to Topic No. 36 of defendants' Rule 30(b)(6) notice, subject to Valeant's and Cosmo's objections.  Mr. Larimer is available on July 27 in New York, NY.

Regards,
Nick

---



**Nicholas Tymoczko** | **Associate, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6783 | Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

*************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at


*****************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*****************************************************************

# Exhibit F

| | |
|---|---|
| **From:** | Knight Brown, Delphine W. <dknightbrown@axinn.com> |
| **Sent:** | Tuesday, July 26, 2016 4:00 PM |
| **To:** | Nguyen, Jennifer; Daughtrey, Natasha E; Birbach, Naomi; Axinn-Budesonide; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com) |
| **Cc:** | Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com; Tymoczko, Nicholas |
| **Subject:** | RE: Cosmo/Valeant v. Actavis et al. |

I will be attending.  Court reporter is Cheryll Kerr and videographer is Marcelo Rivera.  Thanks.


**Delphine Knight Brown**
*Partner*



Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, NY 10036
212.728.2232
dknightbrown@axinn.com
**Axinn.com**

*Click here* to send a secure file via ShareFile

---

**From:** Nguyen, Jennifer [mailto:jennifernguyen@paulhastings.com]
**Sent:** Tuesday, July 26, 2016 3:58 PM
**To:** Daughtrey, Natasha E; Birbach, Naomi; Axinn-Budesonide; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com)
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com; Tymoczko, Nicholas
**Subject:** RE: Cosmo/Valeant v. Actavis et al.

Counsel,

Please provide us the names of the attorneys and other individuals (*e.g.*, court reporter and videographer) who plan to attend the deposition of John Larimer tomorrow.  We need to add these names to the Paul Hastings building security guest list.

Further, the witness will be available to begin the deposition at 9:30 a.m.

Regards,
Jennifer

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinlaw.com]
**Sent:** Friday, July 22, 2016 11:09 AM

**To:** Nguyen, Jennifer; Birbach, Naomi; Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com)
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com; Tymoczko, Nicholas
**Subject:** RE: Cosmo/Valeant v. Actavis et al.


Jennifer,

Defendants confirm that they will take the Larimer deposition on July 27th at Paul Hastings New York office.

Regards,

Natasha


Natasha E. Daughtrey



**Goodwin Procter** LLP
620 Eighth Avenue
New York, NY 10018
T: +1 212 459 7245
F: +1 212 355 3333
ndaughtrey@goodwinlaw.com
www.goodwinlaw.com

**From:** Nguyen, Jennifer [mailto:jennifernguyen@paulhastings.com]
**Sent:** Friday, July 22, 2016 10:15 AM
**To:** Birbach, Naomi; Daughtrey, Natasha E; Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com)
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com; Tymoczko, Nicholas
**Subject:** RE: Cosmo/Valeant v. Actavis et al.


Counsel:

Further to Dave's July 19, 2016 email, please confirm that defendants will proceed with the deposition of John Larimer on July 27 in the offices of Paul Hastings New York.

Regards,
Jennifer


**From:** Tymoczko, Nicholas
**Sent:** Wednesday, June 22, 2016 12:36 PM
**To:** Birbach, Naomi; Daughtrey, Natasha E; Axinn-Budesonide@axinn.com; UCERIS@arentfox.com; DG-Uceris; kkeller@shawkeller.com; dfry@shawkeller.com; jcastellano@shawkeller.com; kpascale@ycst.com; jhiggins@ycst.com; David A. Bilson (dab@pgmhlaw.com); Jack Phillips (jcp@pgmhlaw.com)
**Cc:** Cosmo-Uceris-PH; Rupert, Melanie R.; Conca, David M.; Wexler, Bruce M.; mnoreika@mnat.com; Jblumenfeld@mnat.com
**Subject:** Cosmo/Valeant v. Actavis et al.

Counsel:

Valeant hereby designates Ms. Isabelle Lefebvre to provide Rule 30(b)(6) testimony in response to Topic No. 24 of defendants' Rule 30(b)(6) notice, subject to Valeant's objections.  Ms. Lefebvre is available on July 6 in New York, NY.  In addition, Valeant and Cosmo hereby designate Mr. John Larimer to provide Rule 30(b)(6) testimony in response to Topic No. 36 of defendants' Rule 30(b)(6) notice, subject to Valeant's and Cosmo's objections.  Mr. Larimer is available on July 27 in New York, NY.

Regards,
Nick

---



**Nicholas Tymoczko** | **Associate, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct:  +1.212.318.6783 | Main:  +1.212.318.6000 | Fax:  +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

**********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at


**************************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
**************************************************************************


**********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

**************************************************************************

Notice: The information contained in this electronic mail and any attached documents from Axinn, Veltrop & Harkrider LLP is confidential. This email may be an attorney-client communication, and as such is privileged and confidential. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the content of this information is prohibited. If you have received this electronic mail in error, please notify us immediately by telephone (212) 728-2200/(860) 275-8100 or by reply electronic mail to the sender.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************************

# Exhibit G

| | |
|---|---|
| **From:** | Sherry, Samuel <SSherry@goodwinprocter.com> |
| **Sent:** | Tuesday, July 5, 2016 5:24 PM |
| **To:** | Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris |
| **Cc:** | Wexler, Bruce M.; Rupert, Melanie R.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; Conca, David M. |
| **Subject:** | RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples |
| **Attachments:** | July 5 2016 Letter to Judge Stark (Actavis edits).docx |

Nick,

Please see the revisions in the attached joint letter.  In light of Valeant's identification of search terms this afternoon, we have removed the second issue.

Regards,

Samuel Sherry



**Goodwin Procter LLP**
100 Northern Avenue
Boston, MA 02210
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinlaw.com
www.goodwinlaw.com

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Tuesday, July 05, 2016 12:35 PM
**To:** Sherry, Samuel; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; Conca, David M.
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Counsel:

Attached is the joint letter to the court, which has been updated to incorporate the two additional matters identified by Actavis.  Please confirm that we may file the attached joint letter concerning these matters today.

Regards,
Nick

---

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Wednesday, June 29, 2016 5:41 PM
**To:** Conca, David M.; Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Dave,

The mere fact that the excipients are present in the accused pharmaceutical formulation does not automatically render all of them relevant to the infringement inquiry.  As I stated below, Actavis does not believe physical production of the requested samples is relevant and proportional.  Nonetheless, as we previously offered, if Plaintiffs can identify reasons why production of samples of particular excipients ███████████████████████████████████████ re relevant and necessary to prove a claim or defense, Actavis remains willing to further consider Plaintiff's request.

However, if Plaintiffs wish to seek the Court's assistance without providing any further explanation, we can agree to submitting a joint letter to the court.  To make the most efficient use of the Court's resources, we ask that the following two issues also be included in the joint letter:

- Actavis has requested that Plaintiffs clarify the status of three categories of documents: (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications between any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit.  Specifically, Plaintiffs have refused to answer whether any of the above categories of communications have been withheld as privileged; under what basis such a privilege determination was made; and what efforts were made to ensure non-privilege responses to the above categories of communication were collected and produced.

- Actavis has requested that Plaintiffs Valeant Pharmaceuticals International and Valeant Pharmaceuticals Luxembourg S.à r.l. detail the process by which they engaged in document collection, including whether and what search terms Plaintiffs may have used, so that Defendants may establish the sufficiency of the methods Plaintiffs used to comply with their discovery obligations.

Lead and Delaware counsel for the parties have met and conferred regarding both of these issues on the same date referenced in your draft letter.


Best regards,
-Sam


Samuel Sherry
**Goodwin Procter LLP**
100 Northern Avenue
Boston, MA 02210
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com


---

**From:** Conca, David M. [mailto:davidconca@paulhastings.com]
**Sent:** Thursday, June 23, 2016 9:55 AM
**To:** Sherry, Samuel; Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples


Sam,

Your email below appears to be another attempt to delay resolution of this dispute, which we have tried to resolve informally with you for several months now.

We explained to Actavis long ago on the meet and confer sessions that the excipients are relevant because the patents claim, among other things, pharmaceutical formulations made up of various components, that Actavis's excipients make

up its pharmaceutical formulations, namely the accused ANDA products, and that those excipients are relevant to the infringement inquiry.

███████████████████████████████████████████████████████

The fact that Actavis does not agree with our positions on relevance does not mean that we have not provided them.  We have stated before that we are at an impasse regarding Actavis's refusal to produce the requested samples.  If Actavis will not agree to produce the requested samples, we need to inform the court.

Regards,
Dave

---

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Wednesday, June 22, 2016 9:46 PM
**To:** Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Nick,

We don't dispute that the meet and confer referenced in your letter took place, but we seem to be going in circles on this issue.

For months, we repeatedly asked Plaintiffs to explain how the requested excipient samples are relevant to this case, and to our understanding Plaintiffs have refused to provide any explanation.  See, for example, my emails of April 15, April 22 and May 20.  Actavis does not believe physical production of these samples is relevant to any party's claim or defense and proportional to the needs of the case, but has been willing to consider a legitimate need if Plaintiffs express one.

You say that you have explained the relevance of Actavis's samples multiple times, but I cannot find any such explanation in our correspondence.  It has been evident for some time that we do not understand your basis for seeking this discovery.  If Plaintiffs have such a basis please explain what it is or direct us to where we can find your explanation in previous correspondence.

We will not be able to consent to submission of the joint letter until we receive an explanation from Plaintiffs as to how the requested excipient samples are relevant and then have an opportunity to discuss the issue further with our client.

Best regards,
-Sam

Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, June 22, 2016 5:01 PM

**To:** Sherry, Samuel; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Counsel:

We have explained the relevance of samples of Actavis's excipients multiple times, and Actavis has refused to state that any of the excipients are not relevant to the issues in this case.  Please confirm that we may file the attached joint letter concerning this matter.

Regards,
Nick

---

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Wednesday, June 22, 2016 9:53 AM
**To:** Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Nick,

███████████████████████████████████████████████████
██████████

As I indicated in my email of May 20, Actavis repeatedly asked Plaintiffs to explain why the production of excipient samples ████████████████ s relevant to any issue in this case or why a quantity larger than 5 g is warranted, and Plaintiffs have provided no such explanation. ████████████████████████
███████████████████████████

Best regards,
-Sam

Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Tuesday, June 14, 2016 6:31 PM
**To:** Daughtrey, Natasha E; Bennett, John T; Sherry, Samuel; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Counsel:

Please ship the samples to my attention at the address below.  We understand that Actavis is still refusing to provide samples of the excipients used in its ANDA product.  If that understanding is incorrect, please let us know immediately.

Regards,
Nick

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, June 14, 2016 12:57 PM
**To:** Tymoczko, Nicholas; Bennett, John T; Sherry, Samuel; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Nick,

Please provide the name and address of where we can ship the samples. ████████████████████
████████████████████████

Natasha

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, June 08, 2016 12:05 PM
**To:** Daughtrey, Natasha E; Bennett, John T; Sherry, Samuel; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Counsel:

As you know, Plaintiffs have requested samples of Actavis's ANDA Product and of the excipients used in Actavis's ANDA Product (Request Nos. 10-11).  During his deposition, Arun Katragadda stated that Actavis had recently manufactured another batch of its ANDA Product.  Consistent with our prior discovery requests, please confirm that Actavis will produce the requested samples to Plaintiffs by June 14th.

Regards,
Nick

---



**Nicholas Tymoczko** | Associate, Litigation Department
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6783
| Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

*************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at


*************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*************************************************************


*************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

# Exhibit H

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

————

(302) 658-9200
(302) 658-3989 FAX

MARYELLEN NOREIKA
(302) 351-9278
(302) 425-3011 FAX
nnoreika@mnat.com

July 5, 2016

The Honorable Leonard P. Stark
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Cosmo Technologies Ltd. v. Actavis Laboratories FL, Inc.*
    C.A. No. 15-164 (LPS)

Dear Judge Stark:

The parties in the above referenced matter write to request the scheduling of a discovery teleconference. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): April 19, 2016.

      Delaware Counsel for Plaintiffs: Maryellen Noreika

      Lead Counsel for Plaintiffs: David Conca, Nicholas Tymoczko

      Delaware Counsel for Defendant: Jack Phillips

      Lead Counsel for Defendant: Samuel Sherry

The dispute requiring judicial attention is listed below:

      Defendant Actavis has not produced samples of each excipient used to make its ANDA product.

Defendant Actavis has requested that Plaintiffs clarify the status of three categories of documents: (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications between any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit. Specifically, Plaintiffs have refused to answer whether any of the above categories of communications have been withheld as privileged; under what basis such a privilege determination was made; and what efforts were made to ensure non-privilege responses to the above categories of communication were collected and produced.

Actavis has requested that Plaintiffs Valeant Pharmaceuticals International and Valeant Pharmaceuticals Luxembourg S.à r.l. detail the process by which they engaged in document collection, including whether and what search terms Plaintiffs may have used, so that Defendants

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Maryellen Noreika**
(302) 351-9278
(302) 425-3011 FAX
nnoreika@mnat.com

~~may establish the sufficiency of the methods Plaintiffs used to comply with their discovery obligations.~~

Respectfully,


_____
Maryellen Noreika (#3208)

*Attorneys for Plaintiffs*

_____
John C. Phillips, Jr. (#110)

*Attorneys for Defendant Actavis Laboratories FL, Inc.*

# Exhibit I

| From: | Tymoczko, Nicholas |
|---|---|
| Sent: | Thursday, December 10, 2015 5:17 PM |
| To: | Daughtrey, Natasha E |
| Cc: | Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-Uceris-PH |
| Subject: | RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms |

Counsel:

Thank you for providing Plaintiffs with Actavis's proposed search terms on November 24, and for answering our questions about those terms on November 30 and December 2.  We have reviewed Actavis's proposed search terms and are concerned that they are unreasonably narrow and would exclude from Actavis's document collection numerous documents that are both (1) relevant to this litigation and (2) responsive to Plaintiffs' requests for production.  Accordingly, we have proposed (1) revisions to your original search terms and (2) several additional search terms narrowly tailored to identify relevant and responsive documents.

Plaintiffs make these proposed additions with the understanding that:

- Actavis will include in its search terms all internal names or codes or numbers used to refer to its generic extended-release budesonide 9 mg tablets. ████████████████████
- Actavis's search terms will capture documents with symbols or letters following the end of each term, including but not limited to (r) or TM symbols; apostrophes; and additional letters.  Accordingly, the root expanders included below are not strictly necessary.
- When searching for its ANDA number, Actavis will use terms sufficient to account for any formatting differences in how the number appears.  By way of non-limiting example, terms should be used to capture documents that include the ANDA number with and without any internal dashes or commas.

If our understanding is incorrect in any way, please inform us promptly.

We note that Actavis provided its list of proposed search terms prior to receiving Plaintiffs' requests for production.  Now that Actavis has received them, please let us know if Actavis will be adding any additional search terms, apart from those identified below.  Finally, we note that the use of ESI search terms is merely a tool to identify responsive documents called for by discovery requests and does not relieve Actavis of its obligation to conduct a reasonable search to identify such documents.

1. Proposed Revisions to Actavis's Search Terms





2.  Plaintiffs' Proposed Additional Terms



Regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, December 08, 2015 4:19 PM
**To:** Tymoczko, Nicholas
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

It has now been three weeks since Actavis emailed Plaintiffs with search terms that Actavis proposed to use in collecting documents and Plaintiffs have failed to identify any additional search terms they would like Actavis to use in collecting its documents, despite our repeated requests for you to do so.  Plaintiffs' continued silence indicates that they do not intend to propose any additional search terms and that Actavis's search terms are acceptable to Plaintiffs.  Unless Plaintiffs propose new or amended search terms for Actavis to use by Thursday December 10th, Actavis will move forward using its proposed search terms.

Regards,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Daughtrey, Natasha E
**Sent:** Wednesday, December 02, 2015 10:08 PM
**To:** 'Tymoczko, Nicholas'
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

You are incorrect - on Monday of this week we provided the answer to your question regarding the internal abbreviations that Actavis uses or has used to refer to its ANDA product.  Actavis can also confirm that its proposed search terms would capture documents with symbols or letters following the end of the term.  In any event, the codes that Actavis uses in referring to its ANAD product are already encompassed within our proposed search terms and is therefore not relevant to what, if any, additional search terms that Plaintiffs would propose.  There is simply no reason for Plaintiffs to continue to delay in providing what additional search terms they would propose to Actavis, or even

provide any timeline for when they will provide such information.  Please provide any additional proposed search terms immediately so that Actavis can consider them.  As we have said several times now, for Actavis to comply with the Court ordered discovery deadlines in this case we must come to an agreement regarding search terms so that we can begin collecting documents immediately.

Best,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, December 02, 2015 7:22 PM
**To:** Daughtrey, Natasha E
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel:

We are reviewing Actavis's proposed search terms and will provide you with additional terms shortly.  However, your email below contains several factual inaccuracies that we feel obliged to correct.  As you know, the parties have agreed to abide by the District of Delaware's Default Standard for Discovery with respect to the use of search terms to locate and collect ESI.  Under that standard, "If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party."

Actavis first informed plaintiffs of its proposed search terms last week, on Tuesday, November 24th, at the close of business, demanding a response in less than 24 hours.  We promptly responded to your email seeking clarification with respect to Actavis's proposed terms the next day.  To date, however, Actavis has not responded to all of our inquiries about its proposed search terms.  Nevertheless, again on Monday, November 30, Actavis sought a response within two business days about its only recently disclosed list of search terms.  Plaintiffs' have not delayed at all in responding to Actavis's proposed search terms.

Further, it is unreasonable for Actavis to disclose its proposed search terms to Plaintiffs less than two days before Thanksgiving, demand a response first within 24 hours, and then again with three days, while failing to answer Plaintiffs' questions about Actavis's proposed search terms.  In any event, as we've noted, we will promptly provide proposed additions to Actavis's search terms.  To facilitate that process, we ask again that you answer our outstanding question about the scope of Actavis's proposed terms.

Regards,
Nick

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Monday, November 30, 2015 1:22 PM
**To:** Tymoczko, Nicholas
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Hi Nick,

When we reached out to you regarding search terms almost two weeks ago now, we advised you that we would need to expeditiously come to an agreement on search terms.  After you failed to respond, we again emailed you and reminded you that to comply with the discovery deadlines in this case, we would need to come to an agreement on search terms immediately.  Thus, the urgency in coming to an agreement on what search terms Actavis will use is not due to Actavis being unreasonable, but rather due to Plaintiffs' failure to respond to our emails in a timely manner.  Kindly provide what additional search terms, if any, Plaintiffs want Actavis to use as soon as possible, and in any event no later than Wednesday Dec. 2nd.  By then Plaintiffs will have had more than two weeks to consider this issue.

Best,
Natasha


Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, November 25, 2015 11:41 AM
**To:** Daughtrey, Natasha E
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.; Wexler, Bruce M.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms


Counsel:

Thank you for sending us Actavis's proposed search terms.  We are reviewing them and will provide additional terms in accordance with the framework set forth in the Delaware default standards in a timely manner.  It is, however,

unreasonable for Actavis to expect us to provide the additional terms in less than 24 hours, especially in light of the upcoming Thanksgiving holiday weekend.

In the meantime, please confirm that the terms identified below will return documents with symbols or letters following the end of the term ████████████████████████████████████████. Please also identify any internal abbreviations or codes Actavis uses or has used to refer to its ANDA product.

Have a happy Thanksgiving.

Regards,
Nick

---

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, November 24, 2015 5:43 PM
**To:** Tymoczko, Nicholas
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Nick,

Your email indicates that Plaintiffs might not use search terms in their document collection.  If Plaintiffs intend to not use search terms in collecting and producing documents responsive to Defendants' requests for production, please let us know immediately.

As Plaintiffs do not want to engage in a mutual negotiation of search terms, Actavis will use the following terms in its document collection:



As emphasized in our email from a week ago, Actavis must come to an expeditious agreement on the search terms that it will use in its document collection.  Therefore, Plaintiffs must provide any additional search terms to Actavis by **close**

of business tomorrow, November 25th.  Plaintiffs failure to do so will indicate that Plaintiffs agree with Actavis using these search terms, and Actavis will proceed with our collection accordingly.

Regards,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Monday, November 23, 2015 8:14 PM
**To:** Daughtrey, Natasha E
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; ''Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH; Rupert, Melanie R.
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Natasha,

Under Paragraph 5(b) of the Delaware Default Standards, if a producing party elects to use search terms to locate potentially responsive ESI, the producing party shall then disclose those search terms to the requesting party.  The requesting party then may request no more than ten additional terms to be used in connection with the producing party's electronic search.

Given the clear language of the Delaware Default Standards, we do not understand why Defendants have asked Plaintiffs to agree to a joint search term list with respect to potentially responsive ESI in this case.  Nor do we understand why Defendants have proposed an additional 25 search terms for Plaintiffs alone, which is clearly contrary to the limits set by the Delaware Default Standards.

In accordance with the Delaware Default Standards, if Plaintiffs elect to use search terms to locate potentially responsive ESI, Plaintiffs will disclose those search terms to Defendants in due course.  In the meantime, if Defendants would like to send Plaintiffs the list of search terms that Defendants intend to use in searching Defendants' ESI, we are happy to review the list and request additional search terms, as necessary.

Best regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Monday, November 23, 2015 12:43 PM
**To:** Rupert, Melanie R.

**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; dfry@shawkeller.com; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; Nguyen, Jennifer; Peachman, Scott; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel,

We have not received any response from our email last week regarding search terms.  As we informed you, the Defendants need sufficient time to collect documents using any agreed upon search terms, so we must come to an agreement regarding search terms straightaway.  Please advise us immediately if Plaintiffs will agree to our proposal regarding search terms below.

Best,

Natasha

Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



**From:** Daughtrey, Natasha E
**Sent:** Tuesday, November 17, 2015 4:05 PM
**To:** 'Rupert, Melanie R.'
**Cc:** Birbach, Naomi; Bennett, John T; Holland, Elizabeth J.; "Anderson, Taniel' (Taniel.Anderson@arentfox.com)'; 'Murata, Jason T.'; jcp@pgslaw.com; kkeller@shawkeller.com; 'Becker, Matthew J.'; dab@pgslaw.com; 'Karen Pascale (kpascale@ycst.com)'; 'James Higgins (jhiggins@ycst.com)'; 'UCERIS'; 'dfry@shawkeller.com'; 'Axinn-Budesonide'; 'Ropka, Stacie L.'; 'Nguyen, Jennifer'; 'Peachman, Scott'; 'Blumenfeld, Jack'; 'Noreika, Maryellen'; 'Welham, Diana'; Cosmo-Uceris-PH (Cosmo-Uceris-PH@paulhastings.com)
**Subject:** Cosmo v. Par, Actavis, Alvogen (budesonide): ESI search terms

Counsel,

I write on behalf of Actavis, Par, and Alvogen.  The Defendants would like to come to an agreement with Plaintiffs on the search terms that the parties will use for collection of electronically stored information.  Given the time it takes to apply and collect electronically stored information using search terms, and the fact discovery deadlines in this case, Defendants would like to come to an expeditious agreement on search terms with Plaintiffs.  Accordingly, Defendants propose that the Plaintiffs and Defendants use the following search terms:



In addition, because Plaintiffs, unlike Defendants, will likely have relevant information about the applications related to the patents in suit, and the named inventors to the patents in suit, Defendants propose that the Plaintiffs also use the following additional search terms:

1.      13/585190 or 13/585,190 or 13585190 or (190 w/5 appl*)



Please let us know by Friday, November 20, 2015 whether the parties are in agreement on using these search terms.

Best,

Natasha



Natasha E. Daughtrey
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
T: 212.459.7245
F: 212.355.3333
ndaughtrey@goodwinprocter.com



*********************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary
information and may be subject to the attorney-client privilege or other confidentiality protections. If you are
not a designated recipient, you may not review, copy or distribute this message. If you receive this in error,
please notify the sender by reply e-mail and delete this message. Thank you.
*********************************************************************

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*********************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

# Exhibit J

# REDACTED IN ITS ENTIRETY