# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

OREXO AB and OREXO US, INC.,        )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Civ. No. 14-829-SLR/SRF
                                    )
ACTAVIS ELIZABETH LLC,              )
                                    )
            Defendant.              )

**MEMORANDUM ORDER**

At Wilmington this 20th day of November 2015, having reviewed the objections filed by plaintiffs to Magistrate Judge Fallon's memorandum order dated October 5, 2015, the court will affirm the memorandum order and overrule the objections for the following reasons:

1.  Plaintiffs moved to compel the production of samples of the raw ingredients in defendant's ANDA product, as well as any intermediates that are produced during the manufacturing of the accused ANDA product. (D.I. 116) Oral argument was held on October 1, 2015. On October 5, 2015, Magistrate Judge Fallon granted in part and denied in part plaintiffs' motion. (D.I. 126, 127) Plaintiffs filed objections and defendant submitted a response. (D.I. 135, 136, 137, 141, 142)

2.  The court reviews objections to a magistrate judge's non-dispositive pretrial ruling under a "clearly erroneous and contrary to law" standard of review, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Under a "clearly erroneous" standard, the appellate court will only set aside factual findings when it is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*,

486 F.3d 100, 104 (3d Cir.2007) (citing *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)).  A magistrate judge's decision is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D. N.J. 2006).  Since great discretion is generally afforded a magistrate judge's decision in the resolution of non-dispositive discovery disputes, the court should only overrule a magistrate judge's determination if there is an abuse of discretion.  *Norguard Ins. Co. v. Serveon Inc.*, 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011).  Moreover, a reviewing court may not consider evidence and materials  not before the magistrate judge. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp.2d 373, 375 (D. Del. 2010).

3.  After carefully reviewing Magistrate Judge Fallon's memorandum order and the parties' briefing on the motion and the objections, the court is convinced that the memorandum order is not clearly erroneous or contrary to law.  With respect to raw materials, Magistrate Judge Fallon ordered defendant to produce samples of two raw materials in accordance with an offer previously extended by defendant.  The remaining raw materials, Magistrate Judge Fallon found, were not in the possession, custody, or control of defendant and then correctly applied Fed. R. Civ. P. 34(a) in denying plaintiffs' motion to compel.  In so doing, Magistrate Judge Fallon observed that plaintiffs had not presented any case authorities supporting their contention that defendant is obligated to provide samples of raw materials in addition to samples of the

finished ANDA product to establish infringement.[1]  In their objections, plaintiffs submit
(for the first time) two cases to buttress their argument that the raw materials and
intermediates are essential to the prosecution of this matter.  Although the cases do not
appear particularly helpful, the court will not consider this authority since a reviewing
court may not consider evidence and materials not before the magistrate judge.[2]
*Haines v. Liggett Group Inc.*, 975 F.2d at 92.

    4.  With respect to intermediate samples, the court concludes that Magistrate
Judge Fallon did not commit clear error in applying Rule 34(a) to defendant's
representations that it has no intermediate samples of its ANDA product for production
and, therefore, could not be compelled to produce something not in its possession,
custody or control.  Plaintiffs' objections are unpersuasive as they include references to
the two cases cited above, as well as the court's claim construction decision issued
after Magistrate Judge Fallon's decision.  *See id.*


United States District Judge

---

[1]During the October 1, 2015 hearing, Magistrate Judge Fallon specifically
requested case authority from plaintiffs, but was informed there were no cases on point
either way.

[2]Similarly, the court will not consider the expert declaration of Dr. Shen Yung
Luk.

3

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHIRE PHARMACEUTICAL DEVELOPMENT INC., et al., | |
| Plaintiffs, | Civil No. 15-2865 (JEI/JS) |
| v. | |
| AMNEAL PHARMACEUTICALS LLC, et al., | |
| Defendants. | |

## O R D E R

For the reasons discussed on the record on March 9, 2016 after the completion of oral argument,

IT IS HEREBY ORDERED this 9th day of March, 2016, as follows:

1.   Plaintiff's request for product samples is GRANTED. The parties shall meet and confer and advise the Court if there are disputes regarding the timing and number of samples.

2.   Plaintiff's request for samples of ingredients and excipients is DENIED without prejudice.

3.   The parties' applications regarding their disputes concerning the language in the Discovery Confidentiality Order are DENIED as moot.


s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

1

# Exhibit 3

**From:** Sherry, Samuel
**To:** Conca, David M.; Tymoczko, Nicholas; Daughtrey, Natasha F; Bennett, John T; "dab@pgmhlaw.com"; "jcp@pgmhlaw.com"; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; "Norelka, Maryellen (MNorelka@MNAT.com)"; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples
**Date:** Wednesday, June 29, 2016 5:41:17 PM

Dave,



However, if Plaintiffs wish to seek the Court's assistance without providing any further explanation, we can agree to submitting a joint letter to the court. To make the most efficient use of the Court's resources, we ask that the following two issues also be included in the joint letter:

- Actavis has requested that Plaintiffs clarify the status of three categories of documents: (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications between any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit. Specifically, Plaintiffs have refused to answer whether any of the above categories of communications have been withheld as privileged; under what basis such a privilege determination was made; and what efforts were made to ensure non-privilege responses to the above categories of communication were collected and produced.

- Actavis has requested that Plaintiffs Valeant Pharmaceuticals International and Valeant Pharmaceuticals Luxembourg S.à r.l. detail the process by which they engaged in document collection, including whether and what search terms Plaintiffs may have used, so that Defendants may establish the sufficiency of the methods Plaintiffs used to comply with their discovery obligations.

Lead and Delaware counsel for the parties have met and conferred regarding both of these issues on the same date referenced in your draft letter.

Best regards,
-Sam
Samuel Sherry
**Goodwin Procter LLP**
100 Northern Avenue
Boston, MA 02210
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

**From:** Conca, David M. [mailto:davidconca@paulhastings.com]
**Sent:** Thursday, June 23, 2016 9:55 AM
**To:** Sherry, Samuel; Tymoczko, Nicholas; Daughtrey, Natasha F; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; 'Norelka, Maryellen (MNorelka@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Sam,

Your email below appears to be another attempt to delay resolution of this dispute, which we have tried to resolve

informally with you for several months now.

We explained to Actavis long ago on the meet and confer sessions that the excipients are relevant because the patents claim, among other things, pharmaceutical formulations made up of various components, that Actavis's excipients make up its pharmaceutical formulations, namely the accused ANDA products, and that those excipients are relevant to the infringement inquiry.

█████████████████████████████████████████████████████

The fact that Actavis does not agree with our positions on relevance does not mean that we have not provided them. We have stated before that we are at an impasse regarding Actavis's refusal to produce the requested samples. If Actavis will not agree to produce the requested samples, we need to inform the court.

Regards,
Dave

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Wednesday, June 22, 2016 9:46 PM
**To:** Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Nick,

We don't dispute that the meet and confer referenced in your letter took place, but we seem to be going in circles on this issue.

For months, we repeatedly asked Plaintiffs to explain how the requested excipient samples are relevant to this case, and to our understanding Plaintiffs have refused to provide any explanation. See, for example, my emails of April 15, April 22 and May 20. Actavis does not believe physical production of these samples is relevant to any party's claim or defense and proportional to the needs of the case, but has been willing to consider a legitimate need if Plaintiffs express one.

You say that you have explained the relevance of Actavis's samples multiple times, but I cannot find any such explanation in our correspondence. It has been evident for some time that we do not understand your basis for seeking this discovery. If Plaintiffs have such a basis please explain what it is or direct us to where we can find your explanation in previous correspondence.

We will not be able to consent to submission of the joint letter until we receive an explanation from Plaintiffs as to how the requested excipient samples are relevant and then have an opportunity to discuss the issue further with our client.

Best regards,
-Sam
Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com

www.gondwinprocter.com

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, June 22, 2016 5:01 PM
**To:** Sherry, Samuel; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Norelka, Maryellen (MNorelka@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Counsel:

We have explained the relevance of samples of Actavis's excipients multiple times, and Actavis has refused to state that any of the excipients are not relevant to the issues in this case.  Please confirm that we may file the attached joint letter concerning this matter.

Regards,
Nick

---

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Wednesday, June 22, 2016 9:53 AM
**To:** Tymoczko, Nicholas; Daughtrey, Natasha E; Bennett, John T; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Norelka, Maryellen (MNorelka@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Nick,



Best regards,
-Sam
Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Tuesday, June 14, 2016 6:31 PM
**To:** Daughtrey, Natasha E; Bennett, John T; Sherry, Samuel; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Norelka, Maryellen (MNorelka@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis - Production of Actavis's Samples

Counsel:

Please ship the samples to my attention at the address below.  We understand that Actavis is still refusing to provide samples of the excipients used in its ANDA product.  If that understanding is incorrect, please let us know immediately.

Regards,
Nick

**From:** Daughtrey, Natasha E [mailto:NDaughtrey@goodwinprocter.com]
**Sent:** Tuesday, June 14, 2016 12:57 PM
**To:** Tymoczko, Nicholas; Bennett, John T; Sherry, Samuel; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** RE: Cosmo/Valeant v. Actavis – Production of Actavis's Samples

Nick,

███████████████████████████████████████████████████

Natasha

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Wednesday, June 08, 2016 12:05 PM
**To:** Daughtrey, Natasha E; Bennett, John T; Sherry, Samuel; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH
**Subject:** Cosmo/Valeant v. Actavis – Production of Actavis's Samples

Counsel:

As you know, Plaintiffs have requested samples of Actavis's ANDA Product and of the excipients used in Actavis's ANDA Product (Request Nos. 10-11).  During his deposition, Arun Katragadda stated that Actavis had recently manufactured another batch of its ANDA Product.  Consistent with our prior discovery requests, please confirm that Actavis will produce the requested samples to Plaintiffs by June 14th.

Regards,
Nick

**PAUL HASTINGS**   **Nicholas Tymoczko | Associate, Litigation Department**
Paul Hastings LLP | 200 Park Avenue, New York, NY 10166 | Direct: +1.212.318.6783 | Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

*************************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*********************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*********************************************************************

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

*********************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

# Exhibit 4

# Exhibit 5

| From: | Sherry, Samuel |
|---|---|
| To: | Tymoczko, Nicholas |
| Cc: | Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; "Norelka, Marvellen (MNorelka@MNAT.com)"; Cosmo-Uceris-PH; "dab@pgmhlaw.com"; "jcp@pgmhlaw.com"; DG-Uceris |
| Subject: | RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.) |
| Date: | Friday, May 20, 2016 3:59:21 PM |
| Attachments: | RE CosmoValeant v. Actavis C.A. No. 15-164-LPS (D.Del.).msg |

Nick,

I write in response to your message below.

With respect to Requests Nos. 26, 27 and 54, you have not answered either of the questions posed to Plaintiffs. Actavis asked Plaintiffs to clarify the status of three categories of documents: (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications between any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit. These documents are not privileged. Plaintiffs have refused to answer (a) whether Plaintiffs are withholding any such communications as privileged and under what basis or (b) what, if any, efforts Plaintiffs have made to ensure such documents responsive to the above RFPs were collected. We have been seeking production of these documents since my letter of April 1 and consider the parties to be at an impasse on this issue.

With regard to minutes or other meeting records from the time of invention [RFP Nos. 3 and 36], your message likewise does not answer the question. Plaintiffs have repeatedly refused to provide any explanation as to how it conducted its document collection that would allow Actavis to evaluate the sufficiency of that collection. We consider the parties to be at an impasse on this issue as well.

With respect to Request Nos. 37, 38, and 48, thank you for the additional production. Please confirm that Plaintiffs have also searched for and produced the acquisition agreements (and any other agreements) between the various Plaintiffs entities, to the extent they discuss or otherwise relate to the Uceris product, MMX Multi Matrix system technology or the patents-in-suit.

████████████ These documents do not appear to have been included in Plaintiff's most recent production. Please confirm that we will receive these files no later than May 27, 2016. If Plaintiffs are not able to commit to this production deadline, please let us know when you are available on May 27 to meet and confer on this matter.

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

Lastly, please confirm that Plaintiffs will supplement their responses to Joint interrogatories nos. 1-5 to reflect the addition of the '716 patent, and will include the '716 patent in their responses to joint interrogatories nos. 6-8.

Best regards,
-Sam
Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Monday, May 09, 2016 7:19 PM
**To:** Sherry, Samuel

**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Counsel:

We write regarding your email below.

As we explained during the meet and confer, Plaintiffs searched for and produced non-privileged documents responsive to Request Nos. 26 and 27 to the extent they exist. ████████████████████████████

████████████████████████████████████████████

With respect to meeting minutes from the time of the invention, Plaintiffs have searched for and produced any responsive non-privileged documents.  For that category of documents, and for all other categories of documents, Plaintiffs conducted a reasonable search to locate potentially responsive documents, including ESI and hard copy documents.

With respect to Request Nos. 37, 38, and 48, consistent with our discovery responses from November 30, 2015, Plaintiffs have produced or will produce the assignments and licenses pertaining to the patents-in-suit, including in a supplemental production to be made shortly.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

We trust this resolves the issues raised in your email below.

Regards,
Nick

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Friday, April 22, 2016 1:33 PM
**To:** Tymoczko, Nicholas
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; 'dab@pgmhlaw.com'; 'jcp@pgmhlaw.com'; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Nick,

I write to follow up on my letter of April 1 and our discussion during this week's meet and confer.

With regard to communications concerning the patents-in-suit and communications between plaintiff entities and inventors [RFP Nos. 26 and 27], you told us that you were not withholding these documents for reasons other than privilege, but did not assert that any such documents were actually produced. ████████████████████████████
████████████████████████████████████████████████████████

As I indicated during the meet and confer, (1) communications between Valeant and Salix prior to the acquisition of Salix, (2) communications between Salix and Santarus prior to the acquisition of Santarus, and (3) communications between any of the Valeant/Salix/Santarus entities and either Cosmo or the inventors prior to the licensing the patents-in-suit are not privileged. Please tell us (a) if Plaintiffs are withholding any such communications as privileged and under what basis and (b) what, if any, efforts Plaintiffs have made to ensure such documents responsive to the above RFPs were collected.

With regard to minutes or other meeting records from the time of invention [RFP Nos. 3 and 36] , you told us that you were not withholding these documents, but did not assert that any such documents were actually produced.  Please tell us what, if any, efforts Plaintiffs have made to ensure these documents were collected.

With regard to documents responsive to RFP Nos. 37, 38 and 48, you told us that Plaintiff would produce the licenses for the patents in suit (and had already produced the assignments).  Please confirm that Plaintiffs will also produce any contracts or

agreements that cover the licenses or assignments, such as the acquisition agreements between Plaintiff entities or
technology licenses with Cosmo.



Best regards,
Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

---

**From:** Sherry, Samuel
**Sent:** Friday, April 15, 2016 6:15 PM
**To:** Tymoczko, Nicholas
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH;
dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Nick,

I dialed in at the same time. It's unclear how we missed in each other. I suggest reconvening on Monday at 3pm. Just to
prevent further confusion, shall we use the same number as last time (Dial-in: ▮▮▮▮▮▮▮▮ Passcode: ▮▮▮▮▮▮▮▮? If
not, we can provide a dial-in.

With respect to your email of April 12, we do not agree with your description of the meet and confer or your account of
Actavis's positions. Although a point-by-point discussion would not be productive, there are a few issues I will address
specifically.

First, I will note that Plaintiffs were unprepared to discuss any of the discovery deficiencies identified in my letter of April 1.
We have yet to receive any response to this letter, which has been outstanding for two weeks. We expect a complete
response by Monday's meet and confer.

With respect to the tablet samples, we can confirm that Actavis has no unexpired tablets from its exhibit batches.

Regarding the issues raised in your email of April 8, Actavis will provide a supplemental production of its ANDA and will re-
produce the spreadsheets you requested. With regard to points (2) and (3) from your email, Actavis's production includes
many R&D-related documents, but we are not aware of any non-privileged documents concerning knowledge of the asserted
patents.

Have a good weekend,
-Sam
Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T

: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

**From:** Tymoczko, Nicholas [mailto:nicholastymoczko@paulhastings.com]
**Sent:** Friday, April 15, 2016 3:39 PM
**To:** Sherry, Samuel
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Counsel:

We dialed in shortly after 3:00 today for the meet and confer and stayed on the line until 3:15, but it seems that we missed you.  Please let us know your availability early next week.

Regards,
Nick

**From:** Tymoczko, Nicholas
**Sent:** Tuesday, April 12, 2016 4:47 PM
**To:** Sherry, Samuel
**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Sam:

We write to memorialize today's meet and confer.

First, with respect to Plaintiffs' request for samples of the excipients used in Actavis's ANDA product (Request No. 11), we explained that they are relevant to the issue of infringement and should be produced.  You would not state that some of the excipients are not relevant to this case, and agreed that they are all more or less relevant.  Nor did you identify any burden with respect to the requested amount of the excipients.  Notwithstanding that Plaintiffs' requests were served in December, you could not state whether Actavis will produce the requested samples or when Actavis will have an answer one way or the other.

Second, with respect to Plaintiffs' request for samples of Actavis's ANDA product (Request No. 10), you stated that no commercial batches of Actavis's ANDA product have been made, but that you understood Request No. 10 to refer to ANDA batches (e.g., exhibit batches).  Despite the fact that Actavis agreed to produce the requested samples in January, you could still not say when such samples will be produced.

We look forward to speaking with you further on Friday at 3:00 PM about production of the requested samples.  In addition, we would like to discuss the deficiencies in Actavis's production identified in our email from April 8th (attached), to which Actavis has not yet replied.

Finally, you confirmed, as stated in your email below, that Actavis is not withholding documents responsive to the requests identified in our March 30, 2016 email (i.e., Request Nos. 6, 13, 14, 15, 16, 17, 20, 25, 28, 29, 30, 31, 32, 33, 34, 53, 54) on the basis of Actavis's responses, even though, for example, Actavis stated that it would not produce documents in response to some of the requests (e.g., Nos. 29, 53).  Thank you for so confirming.

Regards,
Nick

**From:** Sherry, Samuel [mailto:SSherry@goodwinprocter.com]
**Sent:** Friday, April 08, 2016 3:47 PM
**To:** Tymoczko, Nicholas

**Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; 'Noreika, Maryellen (MNoreika@MNAT.com)'; Cosmo-Uceris-PH; dab@pgmhlaw.com; jcp@pgmhlaw.com; DG-Uceris
**Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Nick,

I write in response to your emails of March 30 and April 7.

In your email, you identify 17 different RFPs in which you raise new objections to Actavis's responses served on January 11. As an initial point, this set of wide-ranging objections to our discovery responses would have been more fit for discussion while document collection was still on-going. However, although Actavis stands by the propriety of its discovery responses, we have not withheld responsive non-privileged documents from production on the basis of the RFP responses identified in your email.

We are investigating the availability of the requested samples (and associated documentation) and will get back to you shortly.

If you still wish to meet and confer, we are available on Monday between 1pm and 4pm.

Best regards,
-Sam

Samuel Sherry
**Goodwin Procter** LLP
Exchange Place
Boston, MA 02109
T: 617-570-8246
F: 617-523-1231
SSherry@goodwinprocter.com
www.goodwinprocter.com

> **From:** "Tymoczko, Nicholas" <nicholastymoczko@paulhastings.com>
> **Date:** April 7, 2016 at 8:36:33 PM EDT
> **To:** "Bennett, John T'" <JBennett@goodwinprocter.com>, "'Holland, Elizabeth J.'"
> <EHolland@goodwinprocter.com>, "'Birbach, Naomi'" <NBirbach@goodwinprocter.com>, "'Daughtrey, Natasha
> E'" <NDaughtrey@goodwinprocter.com>
> **Cc:** "Wexler, Bruce M." <brucewexler@paulhastings.com>, "Rupert, Melanie R."
> <melanierupert@paulhastings.com>, "Conca, David M." <davidconca@paulhastings.com>, "'Noreika, Maryellen
> (MNoreika@MNAT.com)'" <MNoreika@MNAT.com>, Cosmo-Uceris-PH <Cosmo-Uceris-PH@paulhastings.com>
> **Subject:** RE: Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)
>
> Counsel:
>
> You have not responded to our email from last week (Wednesday, March 30th), which requested a meet and
> confer on Tuesday of this week, April 5th.  Please confirm by close of business tomorrow that Actavis is
> producing the documents and things identified below or let us know your availability for a meet and confer on
> Monday.
>
> Regards,
> Nick
>
>
> **From:** Tymoczko, Nicholas
> **Sent:** Wednesday, March 30, 2016 1:35 PM
> **To:** Bennett, John T; Holland, Elizabeth J.; Birbach, Naomi; 'Daughtrey, Natasha E'
> **Cc:** Wexler, Bruce M.; Rupert, Melanie R.; Conca, David M.; Noreika, Maryellen (MNoreika@MNAT.com); Cosmo-
> Uceris-PH
> **Subject:** Cosmo/Valeant v. Actavis, C.A. No. 15-164-LPS (D.Del.)

Counsel:

We have received Actavis's responses to Plaintiffs' first set of document requests and Actavis's document production. We are in the process of assessing the production, but based on our review of Actavis's written responses, we are concerned that Actavis's production may be unduly limited. We write to confirm that documents are not being improperly withheld.

**1. Actavis's Refusal to Produce Relevant Documents**

In several instances, Actavis has refused to produce documents that are relevant to the issues of infringement and validity. Specifically Request Nos. 29, 32, and 33. The documents called for by these requests should be produced. Further, the document retention/destruction policies and organizational charts called for by Request Nos. 53-54 should also be produced.

**2. Actavis's Unduly Limited Responses**

In a number of cases, Actavis has agreed to produce some documents called for by specific requests, but has improperly narrowed the scope of documents to be produced, thus excluding documents relevant to the issues of infringement and validity. Those responses are identified below and the deficiencies noted:



- Request No. 13: If Actavis is withholding documents responsive to this request, or other requests, on the basis of its objection about "alternate formulations" of Actavis's ANDA product, please so state.

- Request Nos. 14, 15, and 17: These requests call for the production of, among other things, documents concerning testing and analysis related to Actavis's ANDA product and its components, the manufacturing process, and changes to the formulation or manufacturing process. Please confirm that in agreeing to produce Actavis's R&D documents, Actavis is not excluding testing and analysis documents called for by these requests.

- Request Nos. 16, 20: To the extent specific documents were considered by Actavis in developing its ANDA product or deciding to develop it, those documents should be produced.

- Request No. 25: Actavis appears to be withholding documents comparing its ANDA product, aspects thereof, or formulations considered during development with the patents-in-suit

- Request Nos. 28, 30, 31, and 34: Actavis appears to be improperly limiting its production to documents relating to the alleged invalidity and non-infringement of the asserted patents.

**3. Samples (Requests Nos. 10-12)**



*****

We request a meet and confer with Actavis on April 5th to discuss Actavis's refusal to produce the above

categories of documents and samples.

Regards,
Nick



**Nicholas A. Tymoczko | Associate**
Paul Hastings LLP | 75 East 55th Street, New York, NY 10022 | Direct:
+1.212.318.6783 | Main: +1.212.318.6000 | Fax: +1.212.230.7783 |
nicholastymoczko@paulhastings.com | www.paulhastings.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information
and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated
recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by
reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at