IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES FL, INC., <br><br> Defendant. | C.A. No. 15-164-LPS |
| COSMO TECHNOLOGIES LIMITED, VALEANT PHARMACEUTICALS INTERNATIONAL, and VALEANT PHARMACEUTICALS LUXEMBOURG S.À R.L., <br><br> Plaintiffs, <br><br> v. <br><br> ALVOGEN PINE BROOK, LLC, <br><br> Defendant. | C.A. No. 15-193-LPS |

**MEMORANDUM ORDER**

At Wilmington this **4th** day of **May, 2017**, having reviewed the proposed pretrial order (C.A. No. 15-164[1] D.I. 214, 215) ("PTO"), submitted by Plaintiffs and Defendants, including briefing on various motions *in limine* ("MIL"),

---

[1]All references to the docket index ("D.I.") are to C.A. No. 15-164, unless otherwise noted.

1

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' MIL #1, to preclude the testimony of Dr. James Rancourt, is DENIED. Consistent with the parties' agreement during discovery, Alvogen will call Dr. Rancourt to testify (if at all) only to explain PSI's methodology and the accuracy and reliability of PSI's data and results, and only if Plaintiffs challenge these things. Plaintiffs chose not to depose Dr. Rancourt, who was made available for deposition, and part of the parties' agreement is that he will be made available yet again for deposition should Alvogen decide to call him to testify at trial. Under the circumstances, Plaintiffs have failed to demonstrate that there is surprise or prejudice resulting from permitting Dr. Rancourt to testify, subject to the various conditions. Nor have Plaintiffs shown a violation of Fed. R. Civ. P. 26(a)(2)(B) that warrants precluding Dr. Rancourt's testimony. *See Nan Ya Plastics Corp. v. Glob. Polymers*, 2005 WL 5988669, at *3 (W.D. Ky. Oct. 5, 2005) (finding no Rule 26(a)(2)(B) violation for expert whose "testimony will be limited simply to the test procedures and results that his lab obtained").

2. Defendants' MIL #1, to preclude Plaintiffs from offering *any* evidence about secondary considerations, is DENIED. Defendants have failed to persuade the Court that Plaintiffs have not offered any evidence of a nexus between the claimed invention (and its purported embodiment: Plaintiffs' commercial product) and the secondary considerations. Plaintiffs have identified such evidence, including from their expert, from a defense expert, and from fact witnesses. Plaintiffs may ultimately fail to meet their burden to prove a nexus but their showing to date is not so deficient as to warrant depriving them of the opportunity to attempt to prove their case at trial.

3. Defendants' MIL #2, to preclude Plaintiffs from offering portions of Dr. Robert

2

Lofberg's rebuttal expert report as an exhibit at trial, is DENIED. Dr. Lofberg was in an accident and, consequently, was not available for deposition and is not available to come to trial. Under these unfortunate and exceptional circumstances, the Court finds that the residual hearsay exception applies. *See* Fed. R. Evid. 807(a); *see also Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 113 (3d Cir. 2001) (identifying factors to consider). The portions of his report at issue concern his personal observations about studies he himself completed in the 1990s (and which the Court can review itself for potential corroboration with his recently-expressed opinions), relating to the state of the art and invalidity, matters on which he is qualified (and arguably the person ***most*** qualified) to address; Dr. Lofberg prepared his report in the expectation he would be subjected to deposition and cross-examination on it; and although retained by Plaintiffs, the expert is not employed by or formally affiliated with them. Together, these factors persuade the Court there is sufficient trustworthiness to admit the evidence and give it whatever weight it deserves.

4. With respect to disputes over the timing of certain disclosures during trial (*see* PTO at ¶¶ 67 (trial exhibits), 71 (completion of case-in-chief), 74 (demonstratives)), Plaintiffs' proposals are ADOPTED.

The parties shall be prepared to address any other matters contained in the PTO at the pretrial conference tomorrow.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE